STATE OF CONNECTICUT *v.* QUEENIE ENGLEHART

KING, C. J., ALCORN, HOUSE, COTTER and THIM, Js.

118

Argued March 11—decided April 1, 1969

*John A. Spector,* for the appellant (defendant).

*James N. Oliver, Jr.,* prosecuting attorney, for the appellee (state).

ALCORN, J. The defendant was charged, in the Circuit Court, with operating a motor vehicle while under the influence of intoxicating liquor. The state presented evidence and rested its case. The defendant offered no evidence. A jury of twelve found her guilty. The trial court denied the defendant's motion to set aside the verdict and rendered judg-

ment on the verdict. The defendant appealed to the Appellate Division of the Circuit Court on the sole ground that the state had failed to prove that she had operated the vehicle. The Appellate Division sustained the conviction, and, on the defendant's petition, we granted certification.

The only issue presented is whether the jury could, on the evidence offered by the state, reasonably conclude that the defendant, while under the influence of intoxicating liquor, was guilty of operating the vehicle.

Section 14-227a of the General Statutes, so far as material, provides that: "No person shall operate a motor vehicle upon a public highway of this state . . . while under the influence of intoxicating liquor . . . ." The burden which rested on the state in order to establish the crime charged was to prove beyond a reasonable doubt that (1) while under the influence of intoxicating liquor, (2) the defendant operated a motor vehicle on a public highway. *State* v. *McDonough,* 129 Conn. 483, 484, 29 A.2d 582. It is not disputed that the defendant was under the influence of intoxicating liquor. Our concern is only with the second element of the crime charged. The burden of proof of that element of the crime could be met by direct evidence or circumstantial evidence. "The law recognizes no distinction between circumstantial evidence and direct evidence so far as probative force is concerned. If evidence, whether direct or circumstantial, should convince a jury beyond a reasonable doubt that an accused is guilty, that is all that is required for a conviction." *State* v. *Smith,* 138 Conn. 196, 200, 82 A.2d 816; *State* v. *Kreske,* 130 Conn. 558, 563, 36 A.2d 389.

It is clear that the state's case concerning the operation of this motor vehicle by the defendant

rested on circumstantial evidence to the extent that no witness was produced who actually saw her drive the vehicle along the road. The jury could reasonably have found from the evidence before them, in summary, as follows: On January 3, 1967, a state trooper was patrolling Babcock Hill Road, a public highway in Lebanon. The road, described as a "back" road, is eighteen feet wide and has a "blacktop" surface. The weather was clear and the road surface was dry. At about 8 p.m., the trooper came upon an automobile stationary in about the center of the road. The taillights and the bright headlights of the car were on, and the defendant was seated in the driver's seat, slumped over the steering wheel. She was unconscious, "dead drunk", and drooling at the mouth. The key was in the ignition switch, which was turned to the "on" position, the gear shift lever was in the "drive" position, and the emergency brake was on. The motor was not running. No person other than the defendant was in the car. After a delay of ten or fifteen minutes while waiting for assistance to arrive, the trooper, with another trooper who was called to help him, lifted the defendant from the car in which she was seated to a police cruiser, drove to a police barracks and carried her inside. After she was removed from the car to the cruiser, one of the troopers started the car, which was in good operating condition, and drove it about 2000 feet down the road to a location where it was parked. For a period of about an hour and a half from the time she was first discovered, the defendant was unable to walk or to talk coherently.

There was no suggestion of the presence of any person, houses, or buildings of any sort in the vicinity of the spot where the defendant was found

seated, alone, in the driver's seat of the car. There was no evidence as to who owned the car or how long it had stood in the center of the road. There was no evidence that the defendant was a licensed driver.

From the evidence before them, it is obvious that the jury, by their verdict, inferred that the defendant, while under the influence of intoxicating liquor, had either driven the vehicle to the point at which it stopped or had attempted to start it after it had stopped, thereby giving rise to a situation such as that in *State* v. *Swift,* 125 Conn. 399, 403, 6 A.2d 359. The question before us is whether this inference is so unreasonable that the verdict cannot be supported.

It was unquestionably within the province of the jury to draw a reasonable and logical inference from the facts proved. The inference may be drawn as long as it comes only from, and bears a logical relation to, the other facts which have been proved and not from facts which are merely surmised. *State* v. *Foord,* 142 Conn. 285, 294, 113 A.2d 591. Moreover, the inference which the jury in the present case obviously drew had to be wholly consistent with the defendant's guilt and inconsistent with any other rational conclusion. *State* v. *DeCoster,* 147 Conn. 502, 505, 162 A.2d 704.

Emphasis needs to be placed on the distinction between the word "reasonable" and the word "possible." *State* v. *Smith,* 156 Conn. 378, 382, 242 A.2d 763. Proof of guilt must exclude every reasonable supposition of innocence. It need not exclude every possible supposition of innocence. "A conclusion of guilt requires proof beyond a reasonable doubt, and proof to that extent is proof which precludes every reasonable hypothesis except that which it

tends to support, and is consistent with the defendant's guilt and inconsistent with any other rational conclusion." *State* v. *Annunziato,* 145 Conn. 124, 136, 139 A.2d 612; *State* v. *Foord,* supra, 295. "[A] mere 'possible hypothesis' of innocence will not suffice." *State* v. *Tomassi,* 137 Conn. 113, 129, 75 A.2d 67.

The question presented, then, is whether this court must, as a matter of law, conclude that the verdict is not supported by proof, including reasonable inferences which the jury could draw, which is consistent with the defendant's guilt and inconsistent with any other rational conclusion.

There would appear to be but three explanations for the situation in which the trooper found the defendant other than that she, while under the influence of intoxicating liquor, had operated the car: (1) the car in which she sat was not operated by anyone; (2) it was operated by someone else; or (3) it was operated by the defendant but before she became under the influence of intoxicating liquor. There can be no reasonable doubt that, in order to get to the spot where it was found, the car had to be driven, towed or pushed there. Since the car was found to be in good operating condition and since there were no facts indicating that it had been towed or pushed, there was no reasonable basis for an inference that it had not been operated by someone.

Was there a reasonable basis, then, for an inference that it had been operated by someone other than the defendant? In *State* v. *McDonough,* 129 Conn. 483, 486, 29 A.2d 582, this court held that the evidence did not exclude every reasonable supposition of innocence when the defendant was found, intoxicated, seated in the middle of the front seat

of a car, one front wheel of which was entangled with the wire of a highway fence. This court said that a rational and reasonable conclusion could be that another person had driven the car and had gone for assistance to extricate it from the wire. The contrast between that case and the present one, in which the car was found in the middle of the road, in good operating condition, with no apparent need for assistance, and with the defendant in the driver's seat, is clear. If resort is had to the possibility that another person drove the car to where it was stopped, placed the defendant in the driver's seat and then departed, such pure speculation would seem to require the assumption that the other person was, for some unknown reason, too bereft of his senses to move the car out of the road but still calculating enough to move the defendant into the driver's seat.

In *State* v. *DeCoster,* 147 Conn. 502, 505, 162 A.2d 704, this court found the time element to be of importance and concluded that proof that the defendant had operated the car in that case while under the influence of intoxicating liquor was not satisfied by proof that he was found, in the stopped car, intoxicated. The additional evidence in that case, in contrast to the present case, was that the car's ignition was turned off, both tires on the right side were flat, and, although the defendant was slumped over the steering wheel, there was no evidence that he was seated in the driver's seat. Furthermore, there was no evidence that the car's lights were on when it was discovered at 12:30 a.m. and no evidence that it was not safely parked away from traffic. In the present case, however, not only was the defendant "dead drunk" when found but no sober driver would likely brake an operable vehicle to a stop in the

middle of a public highway at night and leave the ignition turned on and the gears in the drive position.

We conclude that it cannot be said, as a matter of law, that the jury could not reasonably have concluded that the defendant was guilty beyond a reasonable doubt.

There is no error.

In this opinion KING, C. J., HOUSE and THIM, Js., concurred; COTTER, J., dissented.