## STATE OF CONNECTICUT *v.* WESTBROOK K. MORRILL
## (11997)

PETERS, HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued March 6—decision released July 10, 1984

*Donald A. Browne,* state's attorney, for the appellant (state).

*Jackie Chan,* for the appellee (defendant).

ARTHUR H. HEALEY, J. The defendant was arrested on February 22, 1982, pursuant to a bench warrant issued by the Superior Court, *McKeever, J.,* on January 27, 1982, which charged the defendant with two counts of attempted robbery in the first degree in violation of General Statutes §§ 53a-49 and 53a-134 (a) (2). Accompanying the application for that warrant submitted by the state's attorney was the affidavit of Connecticut state trooper Albert J. Marchetti. On March 17, 1982, the defendant was presented to the Superior Court at which time he pleaded not guilty to the offenses charged in the information dated February 11, 1982.[1]

On May 19, 1982, the defendant filed a motion to dismiss the information against him essentially on two grounds: first, that the affidavit relied upon for the issuance of his arrest warrant was "insufficient" and that "[t]here was no probable cause" for his arrest; and second, that there was "an insufficiency of evidence or cause to justify the bringing or continuance of such information for placing [him] on trial [for the crime charged]." Under both of these grounds, the defendant claimed in his motion that the trial court "lack[ed] jurisdiction both over the Defendant and over the subject matter."

After hearing argument from both the defendant and the state, the trial court, *Melville, J.,* rejected the defendant's claim on the first ground but dismissed the information on the second ground.[2] The dismissal was

---

[1] The information alleged in two counts, inter alia, "that at the Town of Fairfield, FAIRFIELD COUNTY, on the 16th day of March, 1981 at or about 9:36 p.m. at the westbound service station on Route 15, Fairfield, the [defendant] attempt[ed] to steal certain property from one TODD HAINES [and from one MARK BUTKOVSKY], to wit: current monies of the United States of America, and in the course of the commission of the crime, was armed with a deadly weapon, to wit: a pistol, in violation of Section 53a-49 and 53a-134 (a) (2) of the Connecticut General Statutes."

[2] General Statutes § 54-56 provides: "All courts having jurisdiction of

with prejudice. The state then applied for and received permission from the trial court to bring this appeal. The state maintains that the trial court erred in dismissing the information in that there was sufficient "probable cause" to continue the prosecution of this case. The defendant, however, maintains that the trial court properly dismissed the information on the second ground of its motion, i.e., insufficient evidence to justify continuing the prosecution, but that the trial court erred in rejecting his first ground for dismissal, i.e., insufficiency of the affidavit upon which his arrest warrant was based. We conclude that the trial court erred in dismissing the information against the defendant.[3]

criminal cases shall at all times have jurisdiction and control over informations and criminal cases pending therein and may, at any time, upon motion by the defendant, dismiss any information and order such defendant discharged if, in the opinion of the court, there is not sufficient evidence or cause to justify the bringing or continuing of such information or the placing of the person accused therein on trial."

[3] The defendant raises his claim concerning the issuance of the bench warrant for his arrest under Practice Book § 3012 as an alternative basis upon which to affirm the trial court's ruling dismissing the information against him. His argument, stated simply, is that "*as pleaded by the state* (emphasis supplied) in its application [for the bench warrant for the defendant's arrest] the trooper's affidavit is insufficient to show *the offense* (emphasis supplied) charged." This claim, which is aimed at the determination of probable cause for the issuance of the warrant for the defendant's arrest by *McKeever, J.,* basically is that Marchetti's affidavit did not provide enough information for a disinterested magistrate "to make his own common-sense judgment that a suspect probably has, or probably has not, been involved in the commission of the crime charged." No other challenge is raised in this appeal concerning the issuance of the warrant. Because of our holding that the trial court erred in dismissing the information in view of the facts contained in Marchetti's affidavit which the state offered to prove upon trial, it suffices to say, with reference to the defendant's narrow claim, that since there was probable cause to continue the prosecution of this case based upon the factual allegations contained in Marchetti's affidavit, certainly there was probable cause to issue a warrant for the defendant's arrest upon that same affidavit in the first place. Therefore, because there was probable cause for the magistrate to issue the arrest warrant, there is no need to discuss any further the defendant's alternative basis for affirming the trial court's ruling dismissing the information.

In support of its claim of error, the state points to the facts alleged in the affidavit of Marchetti which accompanied its successful application for the bench warrant for the defendant's arrest. During oral argument before the trial court, as well as before this court, the state conceded that it could only prove what was reflected in that affidavit. With specific regard to the criminal act with which the defendant was charged, the affidavit states the following: "On March 16, 1981 at 9:36 P.M. an attempted armed robbery was reported to the Westport State Police by Todd Haines, manager of the westbound Fairfield Service Station on Route 15. He reported the attempted armed robbery to have taken place at the service station only a few minutes earlier.

"On March 16, 1981 at 9:50 P.M. this officer arrived at the service station and spoke with the two employees who were present at the time of the attempted robbery, Todd Haines and Mark Butkovsky. They both stated they were in the main office of the service station when they heard a knock on the door. When Butkovsky opened the door . . . two (2) male subjects were standing in the doorway pointing hand guns at him. They were both wearing black ski masks over their faces and the one standing in front was wearing dark colored gloves and a dark blue ski jacket. The one standing behind was wearing a cream colored ski jacket. Both victims described the man in the front as about 6 feet 2 inches or taller with a medium build wearing blue jeans. The man standing to the rear was a couple of inches shorter with the same build. When Butkovsky raised his hand up and towards the two armed men the victims heard a gun shot go off and then Butkovsky ran into the back room. Haines was still sitting in a chair when the armed man in the front pointed his gun directly at him. Haines stated he fell to the floor to protect himself when a second shot was heard by both vic-

tims. Haines stated when he looked up he saw the man in the front put his hands up in the air shaking his left hand and twisting his body as if he were in pain. They stated these two (2) armed men fled the scene by running around the side to the back of the building.''

The defendant maintains that since the defendant was charged with attempted robbery in the first degree, the state had the burden of proving beyond a reasonable doubt, inter alia, that the defendant ''intended to deprive another of property during the course of conduct or non-conduct presented in the subject fact pattern.'' This intent, according to the defendant, cannot be proven from the affidavit and, moreover, because other possible alternative inferences concerning the intent of the defendant could be drawn from facts stated in the affidavit which the state could not rule out, ''any conclusions of [the requisite] intent by a jury would be a matter of conjecture or surmise.'' Referring to the trial court's oral ruling,[4] the defendant

---

[4] The trial court articulated the basis of its ruling as follows: "The basis of [my] ruling is because there is more than one reasonable hypothesis or inference to be drawn from the conduct, the overt acts that have been displayed in this case, and that because the State is eyeing based on it's [sic] requested offer of proof, to rule out the other inferences, although they may have been connected in some other criminal act. And, because there is no other criminal act or crime other criminal offense, alleged in the information, I think the State is restricted to proving that there was a robbery and that there was a specific intent, that is, there was an attempted robbery, and there was a specific intent on the part of those responsible to commit a robbery. And, to commit a robbery, the intent must be to steal. And, there is no clear cut inference that can stand alone without any others that will point to that intent.

"And, in view of the fact that the State has the obligation to rule out all reasonable hypotheses, then the jury could not return a verdict of guilty in this case on that instruction. And, because defense has made this motion . . . the insufficiency of the evidence will cause to justify continuing such an information, or placing the Defendant on trial, that is the basis of the Court's ruling here. That it cannot, based on the offers of proof, find that the jury can return any other verdict but one of not guilty and therefore, there is no reason to proceed to trial . . . .

"Now, I want to again indicate that this Court was receptive to a negoti-

claims that the state has a duty to rule out reasonable suppositions or hypotheses of innocence and that in this case the state must rule out other criminal intents of the alleged offenders such as "assault, threatening, and other offenses . . . as well as innocent intents, a converse way of requiring proof beyond a reasonable doubt of the offenses charged and pleaded in *this particular information* (emphasis supplied)." Defense counsel conceded before us that he has raised no claim in this motion to dismiss relating to an insufficiency of the evidence on the identity of the defendant.[5]

In oral argument before us the state maintained that the exclusive issue was whether the state, on a trial, could produce sufficient evidence to justify a verdict of guilty of attempted robbery in the first degree even though the affidavit contains no statement of a specific demand by either of the alleged robbers for money before the incident in question aborted. The defendant conceded in oral argument before us that the test to be applied to this claim of the state was whether, if the trier of fact rendered a verdict of guilty, that verdict could be sustained on an appeal which challenged the sufficiency of the evidence. These positions are essentially the same.

Initially, we reject the defendant's claim that the facts which the state offered to prove, i.e., those facts contained in Marchetti's affidavit, could not provide a proper basis for a finding of guilty of attempted robbery in the first degree because the state could not

ation in this case, whether it be on this charge or on any other charge if it was consistent with the facts in this case. That the State was not interested in moving from their position, that the Defendant was charged or guilty of attempted robbery in the first degree.

"And, on the basis of what I have heard this morning, I am constrained to grant the Motion to Dismiss the information. And, I do so."

[5] Defense counsel conceded at oral argument that, circumstantially, the information in the affidavit could show the defendant to be one of the perpetrators of the acts stated in the affidavit.

prove beyond a reasonable doubt that the defendant intended to deprive another of property. This claim reduces itself to the basic issue of whether a specific demand for property is a prerequisite to finding a defendant guilty of attempted robbery.

It is axiomatic that the burden in criminal cases is on the prosecution to prove each essential element of the alleged crime beyond a reasonable doubt and that there is no burden on the defendant to prove his innocence. *State* v. *Gabriel,* 192 Conn. 405, 413, 473 A.2d 300 (1984); *State* v. *Anonymous,* 179 Conn. 516, 519, 427 A.2d 403 (1980); *State* v. *Jackson,* 176 Conn. 257, 258, 407 A.2d 948 (1978); see *Mullaney* v. *Wilbur,* 421 U.S. 684, 699–701, 95 S. Ct. 1881, 44 L. Ed. 2d 508 (1975); *In re Winship,* 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). In finding guilt beyond a reasonable doubt, a jury may not resort to speculation and conjecture but it is clearly within the province of the jury to draw reasonable, logical inferences from the facts proven. *State* v. *Haddad,* 189 Conn. 383, 388, 456 A.2d 316 (1983); *State* v. *Gaynor,* 182 Conn. 501, 503, 438 A.2d 749 (1980); *State* v. *Festo,* 181 Conn. 254, 259, 435 A.2d 38 (1980); *State* v. *Jackson,* supra.

The circumstance that Marchetti's affidavit does not disclose that either the defendant or his companion made a specific demand for property of the victims is not, as the defendant argues, fatal to the state's claim that a reasonable inference of intent to rob can be inferred from the circumstances set out in the affidavit to which its evidence at a trial would be limited. There is no question that "if an element making up a crime, as laid down by a statute, is wholly unsupported by the evidence, it is error to submit it to the jury as if the evidence justified the determination of the presence of that element." *State* v. *Rogers,* 177 Conn. 379, 382, 418 A.2d 50 (1979); *State* v. *Rose,* 169 Conn. 683, 687, 363 A.2d 1077 (1975). The intent to commit a

larceny is an essential element of the crime charged in this case and a number of courts have held that the absence of a specific demand for property, in and of itself, does not prevent a finding by the trier of fact of the element of intent on a charge of attempted robbery. See, e.g., *People* v. *Nichols,* 255 Cal. App. 2d 217, 220–21, 62 Cal. Rptr. 854 (1967); *Burgess* v. *State,* 162 Ga. App. 212, 290 S.E.2d 554 (1982); *People* v. *Terrell,* 110 Ill. App. 3d 1086, 1090, 443 N.E.2d 742 (Ct. App. 1982); *People* v. *Murff,* 29 Ill. 2d 303, 305, 194 N.E.2d 226 (1963); *State* v. *Dupree,* 477 S.W.2d 129, 130–31 (Mo. 1972); *State* v. *Norris,* 365 S.W.2d 501, 502–504 (Mo. 1963); *Johnson* v. *Commonwealth,* 209 Va. 291, 295, 163 S.E.2d 570 (1968); see 77 C.J.S., Robbery § 72.

Generally, intent can be proved only by circumstantial evidence. *State* v. *Harrison,* 178 Conn. 689, 695, 425 A.2d 111 (1979); *State* v. *Bzdyra,* 165 Conn. 400, 403, 334 A.2d 917 (1973). " 'Intent may be, and usually is, inferred from conduct. *State* v. *Cofone,* 164 Conn. 162, 164, 319 A.2d 381 [1972]; *State* v. *Smith,* 157 Conn. 351, 354, 254 A.2d 447 [1969]. Intention is a mental process, and of necessity it must be proved by the statements or actions of the person whose act is being scrutinized. *State* v. *Cofone,* supra, 164; *State* v. *Mazzadra,* 141 Conn. 731, 735, 109 A.2d 873 [1954]. A person's intention is to be inferred from his conduct. *Kiernan* v. *Borst,* 144 Conn. 1, 6, 126 A.2d 569 [1956].' *State* v. *Bzdyra,* [supra]." *State* v. *Sober,* 166 Conn. 81, 92–93, 347 A.2d 61 (1974). Where there is sufficient evidence to support a reasonable inference that the defendant intended to commit the crime charged, whether such an inference should be drawn is properly a question for the jury to decide. *State* v. *Sober,* supra, 93. The facts contained in Marchetti's affidavit, which we have already set out, if proved at trial, would be sufficient to raise a reasonable inference of the defendant's intent to commit the crime with which he is charged.

We also reject the defendant's claim, which the trial court accepted,[6] that the possibility that other alternative inferences could be drawn which might suggest guilt of a crime other than the specific crime charged in the information also required granting the motion to dismiss. "It is, of course, true . . . that any conclusion, reasonably to be drawn from the evidence, which is consistent with the innocence of the accused must prevail. *State* v. *Guilfoyle,* 109 Conn. 124, 139, 145 A. 761 [1929]." *State* v. *Foord,* 142 Conn. 285, 294, 113 A.2d 591 (1955). This court pointed out in *Foord,* however, that the same rule does not apply to inferences. Referring to *State* v. *Murphy,* 124 Conn. 554, 562, 1 A.2d 274 (1938), the court in *Foord* pointed out that "the claim was advanced that when any circumstance offered in evidence is susceptible to two inferences, one which is in favor of guilt and the other of innocence, the circumstance must be disregarded and cannot be taken into consideration by the trier in reaching its conclusion. We there said (p. 562): 'Such a rule would virtually eliminate circumstantial evidence as a means of proof . . . [and] it has no place in the law of this State where the jury are entitled to draw all fair and reasonable inferences from the facts and circumstances which they find established by the evidence.' What the statement in the *Guilfoyle* case, supra, means is this: The trier may not reach a conclusion of guilt where the facts, established by the evidence, including those reasonably and logically inferred from the other proven facts, are rationally consistent with the innocence of an accused. A conclusion of guilt requires proof beyond a reasonable doubt, and proof to that extent is proof which precludes every reasonable hypothesis except that which it tends to support, and is consistent with the defendant's guilt and inconsistent with any other rational conclusion. *State* v. *Smith,* 138 Conn.

---

[6] See footnote 4, supra.

196, 200, 82 A.2d 816 [1951]. But the requirement of proof beyond a reasonable doubt does not mean that the proof must be beyond a possible doubt, and a possible hypothesis or supposition of innocence is far different from a reasonable supposition." (Citations omitted.) *State* v. *Foord,* supra, 294–95; see *State* v. *Payne,* 186 Conn. 179, 184, 440 A.2d 280 (1982). "Emphasis needs to be placed on the distinction between the word 'reasonable' and the word 'possible.' . . . Proof of guilt must exclude every reasonable supposition of innocence . . . .' [A] mere "possible hypothesis" of innocence will not suffice.' " (Citations omitted.) *State* v. *Englehart,* 158 Conn. 117, 121–22, 256 A.2d 231 (1969).

On a motion to dismiss an information, the proffered proof is to be viewed most favorably to the state. See, e.g., *People* v. *Warner-Lambert Co.,* 51 N.Y.2d 295, 299, 434 N.Y.S.2d 159, 414 N.E.2d 660 (1980), cert. denied, 450 U.S. 1031, 101 S. Ct. 1742, 68 L. Ed. 2d 227 (1981); *State* v. *Johnson,* 7 Wash. Ct. App. 527, 534, 500 P.2d 788 (1972), adopted, 82 Wash. 2d 156, 508 P.2d 1028 (1973); *People* v. *Markin,* 34 Cal. App. 3d 58, 61, 109 Cal. Rptr. 609 (1973).

As we have already said, if the facts contained in Marchetti's affidavit are proved beyond a reasonable doubt at trial, as the state claims, a jury could draw a reasonable inference from that circumstantial evidence that the defendant had the requisite intent to deprive another of property. The fact that a jury in this case could also possibly infer from the facts to be proven at trial that the defendant might have intended to commit a crime other than that charged in the information does not preclude the submission of this case to a jury since there is a reasonable and logical basis for it to infer from the facts to be proven at trial that the defendant had the requisite intent to commit the crime charged. Moreover, we observe that the dismissal with prejudice also precluded the state from seeking a con-

viction of any lesser included crime encompassed by this information.[7] See *State* v. *Rodriguez,* 180 Conn. 382, 405, 429 A.2d 919 (1980). As the United States Supreme Court has said, in cases dealing with circumstantial evidence, as well as testimonial evidence, "a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. [T]he jury must use its experience with people and events in weighing the probabilities. If the jury is convinced [of a defendant's guilt] beyond a reasonable doubt, we can require no more." *Holland* v. *United States,* 348 U.S. 121, 140, 75 S. Ct. 127, 99 L. Ed. 150 (1954).

There is error, the judgment of dismissal with prejudice is set aside and the case is remanded for further proceedings.

In this opinion the other judges concurred.

---

[7] In this regard, the facts set out in Marchetti's affidavit, as conceded by the defendant in his brief, could furnish the basis upon which a jury, if so instructed on the law, could return a verdict of guilty on a lesser included crime such as threatening. See General Statutes § 53a-62.