STATE OF CONNECTICUT *v.* MARION FRASIER
(5735)

SPALLONE, BIELUCH and NORCOTT, Js.

Argued December 15, 1987—decision released January 12, 1988

*Kenneth Shluger,* for the appellant (defendant).

*Jack W. Fischer,* certified legal intern, with whom was *Judith Rossi,* deputy assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant is appealing his conviction, after a jury trial, of the crime of attempted assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-59 (a) (1).

The defendant, a correction officer employed by the state of Connecticut, while off duty but in uniform, engaged in a fist fight with the victim. At the conclusion of the altercation, the defendant left the immediate scene and returned with a handgun. The defendant sought the victim and picked him out of the crowd which had gathered because of the previous fight. The victim then attempted to run away, but slipped and fell. The defendant, holding the gun in a two-handed grip, shot the victim, who was lying on the ground. The bullet passed completely through the victim's leg. As the victim struggled to his feet, the defendant shot him again, the bullet grazing the victim's left shoulder. The victim staggered part way down the street and collapsed into unconsciousness. The defendant was arrested and tried by a jury which found him guilty of attempted assault in the first degree.

The sole claim of error before this court is that the evidence submitted at the trial by the state was insufficient to prove beyond a reasonable doubt that the defendant had the specific intent to cause *serious* physical injury to the victim. We disagree.

Our review of the record, transcript and briefs discloses ample evidence to support the jury's verdict. The question of intent is purely a question of fact to be determined by the jury. See *State* v. *Miller,* 202 Conn.

463, 486, 522 A.2d 249 (1987); *State* v. *Chace,* 199 Conn. 102, 105, 505 A.2d 712 (1986); *State* v. *Morrill,* 193 Conn. 602, 609, 478 A.2d 994 (1984); *State* v. *Zdanis,* 182 Conn. 388, 396, 438 A.2d 696 (1980), cert. denied, 450 U.S. 1003, 101 S. Ct. 1715, 68 L. Ed. 2d 207 (1981); *State* v. *Rodriguez,* 180 Conn. 382, 404, 429 A.2d 919 (1980).

There is no error.