STATE OF CONNECTICUT *v.* JESSE WIGGS
(AC 19197)

Landau, Zarella and O'Connell, Js.

Argued September 11—officially released October 31, 2000

*William J. Nulsen,* for the appellant (defendant).

*James M. Ralls,* assistant state's attorney, with whom, on the brief, were *Mary Galvin,* state's attorney, and *Kevin Doyle,* assistant state's attorney, for the appellee (state).

*Opinion*

LANDAU, J. The defendant, Jesse Wiggs, appeals from the judgment of conviction, rendered after a plea of nolo contendere; see General Statutes § 54-94a;[1] of operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a (a).[2] On appeal, the defendant claims that the court improperly denied his motion to dismiss because the state failed to introduce sufficient evidence to support a finding that he had operated a motor vehicle.[3] We affirm the judgment of the trial court.

[1] General Statutes § 54-94a provides in relevant part: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress evidence based on an unreasonable search or seizure . . . or motion to dismiss, the defendant after imposition of sentence may file an appeal within the time prescribed by law. . . ."

[2] General Statutes § 14-227a (a) provides in relevant part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence . . . if he operates a motor vehicle on a public highway of this state . . . or in any parking area for ten or more cars . . . (1) while under the influence of intoxicating liquor or any drug or both or (2) while the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight."

[3] The defendant, in the trial court and in his appellate brief, claimed that the court improperly denied what he labeled a motion to suppress. The legal argument he makes with respect to that claim is that the state had insufficient evidence to prosecute the charge. Practice Book § 41-8 provides that in criminal matters, a motion to dismiss is the proper vehicle to make an insufficiency of the evidence claim. The defendant's motion is, therefore, more appropriately labeled a motion to dismiss, and will be considered and referred to as such for purposes of this opinion.

On May 23, 1997, the defendant was charged with operating a motor vehicle while under the influence of intoxicating liquor in violation of § 14-227a (a). Prior to trial, the defendant filed a motion claiming that the state did not have sufficient evidence to support a finding that he had operated a motor vehicle. After a hearing on the defendant's motion, the court reasonably could have found the following facts. An officer with the Milford police department received a call advising him that a blue Ford Thunderbird was being operated in an erratic manner on Gulf Street in Milford. The caller provided a partial license plate number for the vehicle. While investigating the complaint, the officer observed a vehicle matching the description provided by the caller that was stopped in a parking lot adjacent to Gulf Street. As he approached, the officer noticed that the vehicle's engine was running and that the defendant was in the driver's seat. After the defendant failed a series of field sobriety tests, the police officer arrested him on a charge of operating a motor vehicle while under the influence of liquor. On the basis of the facts and *State* v. *Swift*, 125 Conn. 399, 6 A.2d 359 (1939), the court concluded that there was sufficient evidence to support a finding that the defendant was operating a motor vehicle at the time of his arrest. The court then denied the defendant's motion to dismiss and rendered a judgment of conviction. This appeal followed.

The defendant claims that the court improperly denied his motion to dismiss. The defendant argues that the court's legal conclusion that he was operating the motor vehicle is not supported by the facts.

Our standard of review of a trial court's findings of fact and conclusions of law in connection with a motion to dismiss is well settled. A finding of fact will not be disturbed unless it is clearly erroneous. See Practice Book § 60-5; *Normand Josef Enterprises, Inc.* v. *Connecticut National Bank*, 230 Conn. 486, 503, 646 A.2d

1289 (1994). "[W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts . . . ." *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221, 435 A.2d 24 (1980). "Thus, our review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo." *Pitchell* v. *Hartford*, 247 Conn. 422, 429, 722 A.2d 797 (1999).

Here, the court's factual determination that the defendant was in the driver's seat with the engine running when the police officer approached is uncontested and supported by the evidence. The defendant argues, however, that the facts do not support the court's legal conclusion that he was operating the vehicle for purposes of § 14-227a (a). The definition of operation of a motor vehicle is well established. One need not drive a vehicle to operate it. See *State* v. *Swift*, supra, 125 Conn. 402–403. Operation occurs when a person in the vehicle "intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of the vehicle." Id., 403. This court has clarified the meaning of operation by holding that an intent to drive is not an element of operation. See *State* v. *Ducatt*, 22 Conn. App. 88, 93, 575 A.2d 708, cert. denied, 217 Conn. 804, 584 A.2d 472 (1990). "An accused operates a motor vehicle within the meaning of General Statutes § 14-227a (a) when, while under the influence of alcohol or any drug and while in the vehicle and in a position to control its movements, he manipulates, for any purpose, the machinery of the motor or any other machinery manipulable from the driver's position that affects or could affect the vehicle's movement, whether the accused moves the vehicle or not." Id. Merely engaging the ignition or manipulating the gearshift or releasing the parking brake would satisfy the requisite intent. Id.,

92; see also *State* v. *Angueira*, 51 Conn. App. 782, 787, 725 A.2d 967 (1999); *State* v. *Marquis*, 24 Conn. App. 467, 469, 589 A.2d 376 (1991).

The defendant argues that this case is governed by *State* v. *DeCoster*, 147 Conn. 502, 504–505, 162 A.2d 704 (1960), in which our Supreme Court held that operation of a motor vehicle was not established where the defendant was found slumped over the steering wheel with the engine off. In *DeCoster*, there was no evidence to show when the defendant had operated the vehicle in relation to when he was intoxicated. See id. In this case, however, as in *Ducatt*, the police officer found the intoxicated defendant in the vehicle, with the engine running, and in a position to control the vehicle's movement. We conclude, therefore, that the defendant's motion to dismiss for insufficiency of evidence was properly denied.

The judgment is affirmed.

In this opinion the other judges concurred.