## STATE OF CONNECTICUT *v.* STEPHEN J. WALTERS
### (AC 28496)

Flynn, C. J., and Harper and Robinson, Js.

Argued September 24—officially released November 25, 2008

*Anthony E. Parent*, special public defender, for the appellant (defendant).

*Eileen F. McCarthy*, senior assistant state's attorney, with whom, on the brief, were *Stephen J. Sedensky III*, state's attorney, and *Colleen P. Zingaro*, deputy assistant state's attorney, for the appellee (state).

*Opinion*

FLYNN, C. J. The principal issue to be decided in this case is whether, to obtain a conviction under General Statutes § 14-227a (a) (1), the behavioral portion of the statute prohibiting the operation of a motor vehicle while under the influence of intoxicating liquor or drugs, the state must prove that a defendant driver, after

being properly stopped for a motor vehicle infraction, actually had difficulty driving the motor vehicle because of the intoxicating liquor or drugs. We conclude that, in light of the text of the statutory provision and the case law interpreting it, the state is not required to prove that such a defendant was driving improperly. The evidence suffices for a conviction if, at the time of operation, the defendant can be shown to have operated a motor vehicle on a public highway while under the influence of intoxicating liquor or drugs, or both, so that he lacked to an appreciable degree the ability to function properly in relation to the operation of his vehicle.

The defendant, Stephen J. Walters, was tried by a jury and found guilty of operating under the influence in violation of § 14-227a (a) (1) and interfering with an officer in violation of General Statutes § 53a-167a. The defendant also was charged and found guilty in a part B information with being a repeat offender in that he previously had been convicted of operating under the influence. He appeals from the conviction of both offenses.

The following facts could have been found reasonably by the jury. At approximately 1 a.m. on May 8, 2005, the defendant was driving his vehicle in the northbound lane of Federal Road in Brookfield. Officer Robert Hebert of the Brookfield police department was traveling on the same road, in the same direction, two cars behind the defendant. Hebert observed the defendant's car moving back and forth within the lane. At one point, the defendant's car crossed the solid yellow lines in the center of the road. Upon seeing this, Hebert stopped the defendant.

Hebert asked the defendant to produce his license, registration and insurance card. The defendant had his license ready to give to the officer but had difficulty

retrieving his registration and insurance information, dropping various papers on his lap and onto the floor of the vehicle. Hebert observed that the defendant's eyes were red and glossy and that the defendant's speech was slurred. Hebert further noticed the odor of alcohol emanating from the vehicle. When questioned as to whether he had had anything to drink, the defendant indicated that he had consumed two or three alcoholic beverages approximately one-half hour before being stopped by Hebert. Officer Robert Pennoyer subsequently arrived to assist Hebert.

Hebert administered field sobriety tests to the defendant. The defendant failed both the walk and turn and one leg stand tests, demonstrating a lack of coordination, balance and a failure to follow instructions. Concluding that the defendant was under the influence of alcohol or drugs, Hebert decided to place him under arrest. The defendant, who had been pleasant and cooperative to this point, became agitated and repeatedly resisted Hebert's and Pennoyer's efforts to handcuff him. The officers eventually were able to secure and handcuff the defendant and to transport him to the police headquarters. Additional facts will be set forth as necessary.

I

We first address the defendant's sufficiency claims arising from his conviction of operating a motor vehicle while under the influence of intoxicating liquor or drugs. The defendant focuses his arguments on the evidence of his manner of driving and makes various claims that the evidence was insufficient because he had crossed the center line but once, there was no evidence of poor driving, and the state did not show that he had difficulty driving, drove unsafely or caused an accident. We disagree with this reasoning.

"Review of any claim of insufficiency of the evidence introduced to prove a violation of a criminal statute must necessarily begin with the skeletal requirements of what necessary elements the charged statute requires to be proved." *State* v. *Pommer,* 110 Conn. App. 608, 613, 955 A.2d 637 (2008). "Once analysis is complete as to what the particular statute requires to be proved, we then review the evidence in light of those statutory requirements. Our review standard is well settled. In accordance with well established principles, appellate analysis of a claim of insufficiency of the evidence requires us to undertake a twofold task. We first review the evidence presented at the trial, construing it in the light most favorable to sustaining the jury's verdict. We then determine whether, upon the facts thus established and the inferences reasonably drawn therefrom, the jury could reasonably have concluded that the cumulative effect of the evidence established guilt beyond a reasonable doubt . . . ." (Internal quotation marks omitted.) Id.

Our analysis begins with the statute. Section 14-227a (a) provides in pertinent part that "[n]o person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if such person operates a motor vehicle (1) while under the influence of intoxicating liquor . . . ." We have interpreted subdivision (1) of subsection (a) of this statute to consist of three elements, namely, (1) operation of a motor vehicle, (2) on a public highway or other designated area, (3) while under the influence of intoxicating liquor or drugs. *State* v. *Gordon,* 84 Conn. App. 519, 527, 854 A.2d 74, cert. denied, 271 Conn. 941, 861 A.2d 516 (2004).

The defendant's arguments focusing on what he claims is evidentiary insufficiency of erratic driving are

misplaced. Our law is settled that the necessary element of operation does not even require that a defendant actually be driving the motor vehicle involved. See *State* v. *Haight*, 279 Conn. 546, 551, 903 A.2d 217 (2006). It is enough if a driver intentionally does any act or makes use of any mechanical or electrical agency that alone or in sequence will set in motion the motive power of the vehicle; *State* v. *Wiggs*, 60 Conn. App. 551, 554, 760 A.2d 148 (2000); and that he does so on a public highway or other designated area while under the influence of intoxicating liquor or drugs so that the driver's mental processes have become so affected that he lacks, to an appreciable degree, the ability to function properly in relation to the operation of his motor vehicle. See *State* v. *Gordon*, supra, 84 Conn. App. 526. It would be incongruous to hold evidence of operation to suffice where a defendant merely places his key into the ignition and does not drive but to require more in cases in which a defendant actually drives on a public highway by engrafting a requirement of erratic or dangerous driving in the state's burden of proof. The jury had before it evidence that the defendant, and not some other person, was operating a motor vehicle on a public highway after drinking intoxicating beverages that impaired his faculties so that he drove across a highway center line and, after being stopped by the police officer, slurred his speech, did poorly on field sobriety tests, smelled of alcohol, displayed eyes that were red and watery and had difficulty retrieving his registration from his glove compartment. Looking at the evidentiary record in the light most favorably toward sustaining the verdict, as we are required on appeal, we conclude that there was adequate evidence permitting the jury reasonably to conclude that the defendant violated § 14-227a (a) (1).

We already have addressed and rejected the defendant's arguments that, although he does not challenge

the existence of a reasonable and articulable suspicion justifying his stop by the police, only the evidence of his driving should be taken into account at trial and that his manner of operation did not suffice to prove his guilt of driving while under the influence of intoxicating liquor or drugs. We now also reject its implicit corollary, namely, that somehow the police officers' observations of his poststop conduct, consistent with intoxication, and his failure to perform certain sobriety tests were immaterial. Our criminal jurisprudence has always permitted evidence gathered after the commission of a crime to be used to prove the guilt of an accused when it is probative and not so temporally disconnected from the commission of the offense as to vitiate its materiality and worth in establishing the validity of a given assertion. We cite a few examples that are illustrative, but not exhaustive, of this point: gunpowder residue on a hand or clothing tying a defendant to the firing of a dangerous weapon; see State v. Fuller, 56 Conn. App. 592, 613–17, 744 A.2d 931, cert. denied, 252 Conn. 949, 748 A.2d 298, cert. denied, 531 U.S. 911, 121 S. Ct. 262, 148 L. Ed. 2d 190 (2000); possession of items taken in an earlier robbery; see State v. Garcia, 37 Conn. App. 619, 625–26, 657 A.2d 691, cert. denied, 234 Conn. 917, 661 A.2d 97 (1995); or burglary. See State v. Correa, 57 Conn. App. 98, 108–11, 748 A.2d 307, cert. denied, 253 Conn. 908, 753 A.2d 941 (2000).

We recognize that when the crime involves intoxication due to alcohol consumption, it is well established that the effects of intoxication may increase or diminish over time, depending on when the alcohol was consumed. However, temporality did not diminish the sufficiency of the evidence of the defendant's lack of sobriety because the officers' observations of the defendant's demeanor, lack of physical coordination and slurred speech occurred immediately after he was stopped. It was, therefore, probative evidence, which

the jury was free to accept and which would suffice, when taken with the other evidence and reasonable inferences drawn therefrom, to prove the defendant's guilt of operating a motor vehicle while under the influence of intoxicating liquor or drugs.

## II

We next address the defendant's challenge to his conviction of interfering with an officer in violation of § 53a-167a. The following additional facts bear on the defendant's claims. After observing the defendant's demeanor, slurred speech and failure to perform field sobriety tests adequately, Hebert determined that the defendant was intoxicated and decided to place him under arrest. The defendant became noticeably agitated. He told Hebert and Pennoyer that he was not going to permit himself to be handcuffed. In response to a direct question from Pennoyer, the defendant indicated that he would resist arrest. The defendant also adopted a threatening stance and clenched his fist. Pennoyer grabbed the defendant's left arm and attempted to apply handcuffs. The defendant straightened his arms, making it difficult to lock the cuffs. Eventually, the officers were able to secure the defendant and place him in a police vehicle for transportation to police headquarters. On appeal, the defendant argues that the evidence adduced at trial was insufficient to support his conviction under § 53a-167a.

Section 53a-167a (a) provides in relevant part that "[a] person is guilty of interfering with an officer when such person obstructs, resists, hinders or endangers any peace officer . . . in the performance of such peace officer's . . . duties." By using these words, the legislature intended to prohibit conduct that hampers the police in the performance of their duties. *State* v. *Silva*, 285 Conn. 447, 455, 939 A.2d 581 (2008). To establish the commission of this crime, the state was required

to prove that the defendant obstructed, resisted, hindered or endangered the police officers who were engaged in the performance of their duties and acted with the intent to interfere in the performance of their duties. See *State* v. *Wearing*, 98 Conn. App. 350, 355, 908 A.2d 1134 (2006), cert. denied, 281 Conn. 905, 916 A.2d 47 (2007). Little further analysis is necessary. The defendant admitted to the police officers that he would resist. They were entitled to believe him, and the jury was entitled to credit that evidence and the other pertinent evidence of hampering introduced. We therefore conclude that this claim has no merit.

The judgment is affirmed.

In this opinion the other judges concurred.