## STATE OF CONNECTICUT
*vs.*
## FRANK J. CARROLL

Superior Court          Fairfield County          File No. 10053

MEMORANDUM FILED NOVEMBER 3, 1944.

*Lorin Willis, State's Attorney,* of Bridgeport, for Plaintiff.

*David Goldstein,* of Bridgeport, for Defendant.

WYNNE, J.   There is no room for doubt that the statute relied upon [Gen. Stat. (1930) §6447] is applicable to the case at bar.   Indeed the court has personal recollection of the reasons urged when the law was enacted in 1921.   The purpose of the law and the philosophy back of it was to prevent un-checked power by a proescuting attorney.   Necessarily that power is great, and properly so.   Nevertheless the genius of our form of government lies in the elaborate system of checks and balances preventing at once either the tyranny of the majority or the tyranny of a minority.   What the statute was designed for, the very purpose for which it is now invoked, is a matter of legislative and judicial history.

In the spring of 1921 a case was tried involving a prominent lawyer before the Superior Court for Hartford County.   The jury disagreed.   The judge who presided, as well as counsel for the defense, saw the necessity for a law such as was passed. It was approved June 2, 1921.   On June 17, 1921, a *nolle pros* was entered in the case.   The coincidence requires no com-ment.   It is probably true that the law has never been resorted to, but it is still in effect.

Not only is the court confident that the defendant would not be convicted by a jury if tried again, but is equally sure that the

defendant would be acquitted in a trial that embraced an element that could well be included. Section 6183 of the General Statutes, Revision of 1930, provides as follows: "Any person who shall obstruct, resist or abuse any officer concerned in the administration of justice while in the execution of his office shall be fined not more than one hundred dollars or imprisoned not more than three months or both."

It certainly could be claimed that the deceased was hindering, if not obstructing, an officer when he tried to elude the latter, if the officer was justified in questioning him. Obviously he would then be guilty of an offense and subject to lawful arrest even under the admitted restrictions of the statute relating to arrest. With any principle to cling to it is inconceivable that a jury under the appealing circumstances of this case would convict a reputable and conscientious officer like the defendant of a felony.

A judge is at once an attorney sworn to the latter's oath and a magistrate to uphold the law. He can see no wrong or injustice done. The jury's oath is as much his as it is the juror's. They are sworn by the name of the ever-living God to well and truly try the defendant, and this without respect of persons or favor of any man. This court can do no less. In such a spirit and with faith in its righteousness, the court feel impelled to grant the instant motion.

It was a heavy responsibility that rested on the State's Attorney. The one on the court is quite as great. Mr. Willis did his duty as he saw it. Great courage was required with utter disregard of criticism. His conduct was in the best tradition of fearless public service. The court is faced equally with the same test of rugged responsibility. As the court views the matter the rights of the defendant now far transcend every other consideration. The principles of law for which Mr. Willis fought have been vindicated. It is now definitely established that police officers at all times must zealously protect the rights of an individual no matter what is at stake. And yet the circumstances of this case are such that no jury would ever convict the defendant. This being so, the court's duty is clear. Vigilance and honest prosecution have had their day. Now the defendant's rights emerge and are inescapable. A jury has twice refused to convict him.

Therefore the information is dismissed and the defendant is discharged from custody.