STATE OF CONNECTICUT *v.* TIMOTHY DILLS
(7355)

BORDEN, SPALLONE and DALY, Js.

Argued May 5—decision released August 29, 1989

*Judith Rossi,* assistant state's attorney, with whom, on the brief, was *Robert Katz,* assistant state's attorney, for the appellant (state).

*William J. Kupinse, Jr.,* with whom was *Kathleen H. Allsup,* for the appellee (defendant).

BORDEN, J. This case requires us to resolve the apparent conflict between General Statutes § 54-56[1] and Practice Book §§ 815 (5) and 816.[2] That conflict surfaces where, as in this case, the trial court, acting pursuant to General Statutes § 54-56, dismisses before trial an information against a defendant who was arrested pursuant to a warrant.

The defendant was arrested pursuant to a warrant, and an information was filed against him charging him

---

[1] General Statutes § 54-56 provides: "All courts having jurisdiction of criminal cases shall at all times have jurisdiction and control over informations and criminal cases pending therein and may, *at any time,* upon motion by the defendant, dismiss any information and order such defendant discharged if, in the opinion of the court, there is not sufficient evidence or cause to justify the bringing or continuing of such information or the placing of the person accused therein on trial." (Emphasis added.)

[2] Practice Book § 815 (5) provides: "The following defenses or objections, if capable of determination without a trial of the general issue, shall, if made prior to trial, be raised by a motion to dismiss the indictment or information . . . (5) Insufficiency of evidence or cause to justify the bringing or continuing of such information or indictment or the placing of the defendant on trial. . . ."

Practice Book § 816 provides: "No defendant who has been indicted by a grand jury or who has been arrested pursuant to a warrant may make a motion under paragraphs (5) or (9) of Sec. 815."

with larceny in the second degree in violation of General Statutes § 53a-123. The arrest arose out of a transaction between the defendant and Atlantech, Inc., in which Atlantech installed certain equipment and performed certain services on a boat owned by the defendant, and the defendant thereafter stopped payment on a check he had delivered to Atlantech in partial payment for the equipment and labor.

The defendant moved to dismiss the information pursuant to Practice Book § 815 (9), which provides for a pretrial dismissal based on any grounds other than those specified in Practice Book § 815 (1) through (5). The trial court, however, granted the motion pursuant to § 54-56. This appeal followed.

The trial court specifically ruled that it had no authority to dismiss the information under Practice Book § 815 (9) because Practice Book § 816 prohibits a defendant who was arrested pursuant to a warrant from moving to dismiss under that subsection. See footnote 2, supra. Nonetheless, the court ruled that it did have authority to act on the defendant's motion under § 54-56, and therefore treated the motion as having been made under that statute. The court further noted that a warrant had been issued, and stated that it had examined the contents of the warrant affidavit and was satisfied that it established probable cause.[3] The court then stated its reasons for dismissing the information over the state's objection. Those reasons are summarized as follows.

First, the court noted that both the state and the defendant had earlier indicated that there were out-of-state witnesses who would have to be produced or whose depositions would have to be taken.[4] Second, the

---

[3] The defendant does not challenge that determination on appeal.

[4] The state, in response, informed the court that it had determined that it did not need to produce any out-of-state witnesses as part of its case.

court stated the basis of the state's claim that, when the defendant stopped payment on the check, he had the intent to obtain possession of the boat and leave Connecticut with it, and thus avoid payment of any obligation incurred as a result of Atlantech's labor and installation of equipment. In this connection, the court questioned whether the state "could persuade a jury beyond a reasonable doubt of [the defendant's] criminal intent," because the defendant subsequently issued Atlantech a $6000 check that Atlantech did not cash. Third, the court stated that Atlantech did not seek civil redress, but boarded the boat to remove the equipment it had installed.[5] Fourth, the court stated its belief that the dispute between the defendant and Atlantech was "best resolved in a civil situation," and that Atlantech's interests could be protected by the defendant's agreement to put a sum of money in escrow and to submit to civil process.[6] The court concluded: "I feel that the cost to the citizens of the state [of] a protracted trial in which it was not obvious that the state would be able to maintain the high standard of proof required in a criminal case to prove beyond a reasonable doubt, warrants that the Court grant the motion to dismiss under [the] circumstances . . . under [General Statutes §] 54-56 not under the rules."

The state claims that the court erred because (1) § 54-56 did not apply to this case, (2) if § 54-56 did apply, the court abused its discretion in dismissing the information, and (3) to the extent that § 54-56 conflicts with Practice Book §§ 815 and 816, the statute violates

[5] This referred to the defendant's claim that, subsequent to the defendant's stop payment order, Atlantech traced the boat to Maryland, where agents of Atlantech illegally removed some of the equipment it had installed on the boat.

[6] This referred to the fact that the defendant had followed the court's earlier recommendation to put a sum of money in escrow with his attorneys, and to submit to service of civil process by Atlantech.

the constitutional principle of separation of powers. We find error on the state's first claim, and therefore need not reach its other claims.

The state's claim that § 54-56 did not apply to this case is dispositive. The state argues that the court relied on the "insufficient evidence" prong of § 54-56; see footnote 1, supra; and that that reliance was erroneous because the defendant was arrested pursuant to a warrant. See *State* v. *Bellamy,* 4 Conn. App. 520, 527, 495 A.2d 724 (1985). The defendant responds that the court relied on the "insufficient cause" prong of the statute, and that the court properly exercised its power under *State* v. *Corchado,* 200 Conn. 453, 512 A.2d 183 (1986). We agree with the defendant that the trial court relied on the insufficient cause prong of § 54-56. We also agree with the state, however, that § 54-56 does not apply to this case.

General Statutes § 54-56 and Practice Book §§ 815 and 816 appear to conflict with each other. Section 54-56 permits the court to dismiss an information "at any time, upon motion by the defendant . . . if . . . there is not sufficient evidence or cause to justify a bringing or continuing of such information . . ." Practice Book § 815 (5) mirrors § 54-56 by providing for a motion to dismiss an information for "(5) [i]nsufficiency of evidence or cause to justify the bringing or continuing of such information . . . ." Practice Book § 816, however, provides that "[n]o defendant . . . who has been arrested pursuant to a warrant may make a motion under [paragraph] (5) . . . of Sec. 815." Thus, facially at least, the two provisions—legislative and judicial—present a constitutional issue of the separation of powers. See, e.g., *State* v. *King,* 187 Conn. 292, 296–98, 445 A.2d 901 (1982).

We are obligated, however, where reasonably possible, to read statutes so as to avoid calling their con-

stitutionality into question. *Kredi* v. *Benson,* 1 Conn. App. 511, 515, 473 A.2d 333, cert. denied, 193 Conn. 803, 474 A.2d 1260 (1984). Applying this canon of construction to General Statutes § 54-56, we conclude that it does not apply to this case because the defendant was arrested pursuant to a warrant and no trial has yet been held.

We begin with an analysis of the background against which § 54-56 must be read. It has long been the law in Connecticut that the state's attorney derives his authority from the common law, that it is his duty to determine whether reasonable grounds exist to proceed with a criminal charge, and that "[i]n the discharge of the functions of his high public office he has broad discretion in determining what crime or crimes to charge in any particular situation." *State* v. *Haskins,* 188 Conn. 432, 473–74, 450 A.2d 828 (1982); see also, *State* v. *Main,* 31 Conn. 572, 576 (1863). "So long as he acts within the jurisdiction of his office it is not appropriate for a court to set policy for the performance of his prosecutorial function." *State* v. *Haskins,* supra, 474. The criminal justice system vests him with broad discretion to determine whether to press a prosecution. *State* v. *Corchado,* supra, 460. "In the absence of statutory authority, the court has no power of its own motion to dismiss a criminal prosecution unless there is a fundamental legal defect in the information or indictment (such as want of jurisdiction or form of the information), or a constitutional defect such as denial of the right to a speedy trial . . . . " *State* v. *Carr,* 172 Conn. 608, 610–11, 376 A.2d 74 (1977).

General Statutes § 54-56 constitutes a grant of such "statutory authority." That does not mean, however, that it necessarily applies to this case. What may appear to be clear legislative language should not be read to preclude a legislative intent that is disclosed by the history or purpose of a statute. *State* v. *Bellamy,* supra,

523. The purpose of the statute is " 'to prevent unchecked power by a prosecuting attorney.' *State* v. *Carroll,* 13 Conn. Sup. 112 (1944); see also *State* v. *Bellamy,* 4 Conn. App. 520, 527, 495 A.2d 724 (1985); *State* v. *Reinosa,* 29 Conn. Sup. 117, 118, 274 A.2d 524 (1970)." *State* v. *Corchado,* supra.

Consistently with that purpose, we have held that the evidentiary insufficiency prong of § 54-56 "does not apply where a judge has found probable cause and authorized the issuance of an arrest warrant. In such a case, the judicial authority's considered judgment has been interposed between the power of the prosecuting attorney and the rights of a defendant. The prosecutorial power is not unchecked; it has already been subject to the prior check of the judicial authority's 'independent determination that probable cause exists as to each element of every crime charged.' *State* v. *Heinz,* [193 Conn. 612, 617, 480 A.2d 452 (1984)]." *State* v. *Bellamy,* supra, 527. In *Bellamy,* we read *State* v. *Morrill,* 193 Conn. 602, 605, 478 A.2d 994 (1984), to hold that, in the absence of an invocation of Practice Book § 816, the court may rely "on General Statutes § 54-56 to dismiss an information which is preceded by an arrest warrant . . . if it is conclusively established that the court has before it all the evidence which the state will be able to produce at trial."

The insufficient cause prong of § 54-56 stands on a somewhat different footing, however, from the insufficient evidence prong. Whereas the insufficient evidence prong invites an inquiry into whether the evidence, viewed most favorably to the state, would support a guilty verdict; *State* v. *Morrill,* supra, 611–12; the insufficient cause prong invokes "the notion of fairness" that must "[permeate] the considerations to be given to the trial court's decision . . . . Thus, a balancing process must occur which weighs the interests of the state and society . . . against the interest

of the defendant . . . ." *State* v. *Corchado,* supra, 458. The court's discretion in this regard "must be informed and guided by considerations of fundamental fairness that are ingrained in the concept of due process of law." Id., 459. In exercising its discretion, the court must explicitly weigh the competing factors on both sides; id., 459; and must exercise its statutory power with great caution and only when the circumstances are compelling. Id., 460.

An examination of the history of § 54-56, and the cases in which it has been employed to sanction dismissals for cause, also sheds light on its scope. It was first interpreted in a reported decision by Judge (later Chief Justice) Wynne, in *State* v. *Carroll,* supra. Judge Wynne stated that he had "personal recollection of the reasons urged when the law was enacted in 1921. . . . What the statute was designed for, the very purpose for which it is now invoked, is a matter of legislative and judicial history.

"In the spring of 1921 a case was tried involving a prominent lawyer before the Superior Court for Hartford County. The jury disagreed. The judge who presided, as well as counsel for the defense, saw the necessity for a law such as was passed. It was approved June 2, 1921. On June 17, 1921, a *nolle pros* was entered. The coincidence requires no comment." (Emphasis in original.) Id., 112.

In *Carroll* itself, Judge Wynne dismissed the information against the defendant after two juries had refused to convict him, where the court was confident that the defendant would be acquitted on a third trial. Id., 112–13. Thus, in *Carroll,* the court read the statute as aimed at permitting a court to dismiss an information after a trial ending in a mistrial, and applied the statute in such a situation.

In *State* v. *Corchado,* supra, the court upheld the trial court's dismissal of the information after the defendant's conviction had been reversed on appeal and a new trial had been ordered. We note also that in *Corchado* the defendant had not been arrested pursuant to a warrant. See *State* v. *Corchado,* 188 Conn. 653, 656, 453 A.2d 427 (1982); see also Connecticut Supreme Court Records & Briefs, Part II, October Term, 1982. Indeed, the principal out-of-state authority on which the *Corchado* court relied was *State* v. *Abbati,* 99 N.J. 418, 434, 493 A.2d 513 (1985), a reprosecution case. In *State* v. *Daniels,* 207 Conn. 374, 397, 542 A.2d 306 (1988), the court relied on § 54-56 to permit the trial court to exercise its discretion to dismiss a death penalty proceeding after the jury had become deadlocked on the penalty phase.[7] Our research fails to disclose any reported case where the insufficient cause prong of § 54-56 has been found to support a dismissal of an information before at least one trial has been held.

Mindful of our obligation to interpret § 54-56 so as to avoid a constitutional collision with Practice Book § 816, of the judicial and legislative origins of the statute, and of the rare but consistent instances of the statute's judicial application, we conclude that where, as here, no trial has yet been held and where Practice Book § 816 is invoked, the insufficient cause prong of the statute is an inappropriate basis for dismissal of an information preceded by an arrest warrant. There are, moreover, practical policy considerations that support this conclusion.

Dismissal under § 54-56 for insufficient cause to justify the prosecution requires the court explicitly to

---

[7] We note that subsequently, in *State* v. *Daniels,* 209 Conn. 225, 236, 550 A.2d 885 (1988), the court acknowledged that the issue of whether § 54-56 applies to a death penalty proceeding was "a serious question"; id.; but adhered to its earlier ruling under the law of the case doctrine. Id., 237.

weigh all the competing factors and considerations of fundamental fairness to both sides—the defendant, the state and society, and presumably the victim. This must be done with great caution, and a dismissal ordered only when the circumstances are compelling. *State* v. *Corchado,* 200 Conn. 453, 458–60, 512 A.2d 183 (1986). This difficult and delicate process necessarily involves a careful consideration by the court of such factors as the strength of the state's case, the likelihood of conviction, the severity of the crime, its effect on the victim, the strength of the defendant's defense, the defendant's personal situation, and all the other myriad factors that underlie a judgment regarding fundamental fairness. Although we are not prepared to say that an informed judgment about such factors can never be reached short of trial, certainly such a judgment can be better formed after the court has had the opportunity to view at least one trial of the charges contained in the information sought to be dismissed for insufficient cause.

Thus, the trial court in this case erred in granting the defendant's motion to dismiss. This conclusion renders it unnecessary to consider the state's claim that the trial court abused its discretion under General Statutes § 54-56.

There is error, the judgment is set aside, and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.