## STATE OF CONNECTICUT *v.* ROBERT ELLIS
### (11709)

DUPONT, C. J., DALY and LAVERY, Js.

Argued September 13—decision released October 12, 1993

*Ralph L. Palmesi,* with whom, on the brief, was *Vito Mazza,* for the appellant (defendant).

*David J. Sheldon,* deputy assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Cornelius P. Kelly,* deputy assistant state's attorney, for the appellee (state).

DUPONT, C. J., The defendant, Robert Ellis, appeals from the trial court's denial of his motion to dismiss

the state's prosecution. The defendant was charged with violating No. 91-3, § 134, of the 1991 Public Acts, June Special Session, now codified at General Statutes § 12-570a, which prohibits the sale of out-of-state lottery tickets.[1] The defendant pleaded nolo contendere under General Statutes § 54-94a, which plea is conditional on his right to appeal from the denial of his motion to dismiss.[2]

The defendant argues that the allegations in the affidavits supporting the arrest warrants do not establish probable cause that the defendant committed the charged offense, and that the trial court improperly failed to find the defendant's activities to be a "gift enterprise." The state argues to the contrary on both of those issues, and also claims for the first time on appeal that Practice Book § 816 barred the defendant's motion to dismiss and thus the trial court correctly denied that motion. We conclude that the trial court committed plain error by permitting the defendant to make his motion to dismiss, and remand this case to the trial court with direction that the defendant be allowed to withdraw his conditional plea of nolo contendere.

On February 10, 1992, the defendant was arrested pursuant to three outstanding warrants issued on

---

[1] Public Acts, Spec. Sess., June, 1991, No. 3, § 134, now codified at General Statutes § 12-570a, provides: "(a) A person is guilty of sales of an out-of-state lottery ticket when he sells, delivers, advertises or offers for sale in this state, for a fee, any lottery ticket for any out-of-state lottery game."

[2] General Statutes § 54-94a provides in pertinent part: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's . . . motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. The issue to be considered in such an appeal will be limited to whether it was proper for the court to have denied . . . the motion to dismiss. A plea of nolo contendere under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

February 6, 1992, and charged with sale of out-of-state lottery tickets under No. 91-3, § 134, of the 1991 Public Acts, June Special Session. The defendant filed a motion to dismiss the prosecution on April 23, 1992, based on the insufficiency of the affidavits relied on to establish probable cause for the issuance of the arrest warrants. The trial court denied the motion on July 20, 1992. The defendant subsequently entered a conditional nolo contendere plea on August 24, 1992, reserving the right to appeal the denial of his motion to dismiss. The court accepted his plea and on August 28, 1992, gave him a one year suspended sentence and two years of probation.

Before we can reach the merits of the defendant's appeal, we must first decide whether he is entitled to appeal the merits of his motion to dismiss. The state argues that the motion to dismiss made by the defendant under Practice Book § 815 was in fact improper, and was appropriately denied by the trial court.[3] Section 815 enumerates the grounds on which a motion to dismiss may be brought. The state correctly asserts that Practice Book § 816[4] prohibits a defendant who has been arrested pursuant to a warrant from making a motion under paragraphs (5) and (9) of Practice Book

[3] Practice Book § 815 provides in pertinent part: "The following defenses or objections, if capable of determination without a trial of the general issue, shall, if made prior to trial, be raised by a motion to dismiss the indictment or information:

"(1) Defects in the institution of the prosecution including any grand jury proceedings . . .

"(2) Defects in the indictment or information including failure to charge an offense . . .

"(5) Insufficiency of evidence or cause to justify the bringing or continuing of such information or indictment or the placing of the defendant on trial . . . or

"(9) Any other grounds."

[4] Practice Book § 816 provides: "No defendant who has been indicted by a grand jury or who has been arrested pursuant to a warrant may make a motion under paragraphs (5) or (9) of Sec. 815."

§ 815. The state argues, and we agree, that the only paragraphs of § 815 that could possibly authorize the defendant's motion to dismiss are paragraph (5), which allows a challenge to the sufficiency "of evidence or cause to justify the bringing or continuing of such information or indictment or the placing of the defendant on trial," and paragraph (9), which allows a motion to dismiss based on "[a]ny other grounds." In this case, the defendant was arrested pursuant to a warrant, and therefore § 816 prohibits him from making a motion to dismiss under either of these paragraphs of § 815.

The defendant claims that Practice Book § 4013 prevents our consideration of this issue because the state first raised it almost six months after the appeal was filed. On September 14, 1992, the day this court received the defendant's appeal, the defendant filed its preliminary statement of issues pursuant to Practice Book § 4013 (a) (1).[5] The state also complied with that subsection by filing an appellee's preliminary statement of issues on September 22, 1993. Three days before the March 15, 1993 deadline for the state's appellee brief, the state filed another preliminary statement of issues. The defendant argues that this is improper under § 4013 (a) (1). Practice Book § 4013 (b), however, explicitly allows a party to file amendments to the preliminary statement of issues "at any time until that party's brief is filed." Thus, the defendant's assertion that § 4013 prohibits such a filing is incorrect.

The defendant also contends that this court should not consider the state's Practice Book § 816 argument

---

[5] Practice Book § 4013 (a) (1) requires the appellant to provide the appellate clerk with an original and one copy of a "preliminary statement of the issues intended for presentation on appeal." It then provides: "If any appellee wishes to . . . present for review alternate grounds upon which the judgment may be affirmed . . . that appellee shall file a preliminary statement of issues within fourteen days from the filing of the appellant's preliminary statement of the issues."

because the defendant will be prejudiced thereby. The defendant points out that his plea of nolo contendere pursuant to General Statutes § 54-94a was specifically made conditional on his right to appeal the denial of his motion to dismiss. Practice Book § 4185 provides: "The court on appeal shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court."

We recognize that plain error review should be implemented sparingly. *Berchtold* v. *Maggi,* 191 Conn. 266, 274, 464 A.2d 1 (1983). The doctrine, however, essentially invokes the discretion of the court; *State* v. *Falcon,* 26 Conn. App. 259, 263, 600 A.2d 1364 (1991), cert. denied, 221 Conn. 911, 602 A.2d 10 (1992); *Finley* v. *Aetna Life & Casualty Co.,* 202 Conn. 190, 196, 520 A.2d 208 (1987); and has been used where the trial court has failed to apply a clearly relevant statute to the case before it. *State* v. *Burke,* 182 Conn. 330, 331–32, 438 A.2d 93 (1980); *Hartford Federal Savings & Loan Assn.* v. *Tucker,* 181 Conn. 607, 609, 436 A.2d 1259 (1980); see also *Cummings & Lockwood* v. *Gray,* 26 Conn. App. 293, 300, 600 A.2d 1040 (1991) (granting of summary judgment on counterclaim when plaintiff had moved only for summary judgment on complaint reversed as plain error). In this case, the court failed to comply with Practice Book § 816, which was clearly relevant and which affected the integrity of the defendant's plea. See *State* v. *Luca,* 19 Conn. App. 668, 671, 563 A.2d 752 (1989). We find this to be plain error.

Since the motion to dismiss must be treated as a nullity, it was improper for the court to accept the defendant's conditional plea of nolo contendere. To allow the finding of guilty that followed the nolo contendere plea to stand, however, would unfairly deprive the defendant of his opportunity to defend himself.

The judgment is reversed and the case is remanded with direction to allow the defendant to withdraw his conditional plea of nolo contendere.

In this opinion the other judges concurred.