[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
Facts and Procedural History
During the months of January and February 2002, the Department of Consumer Protection of the State of Connecticut (DCP) and the West Haven Connecticut Police Department conducted a joint investigation concerning violations of the Connecticut Home Improvement Act, General Statutes § 20-419 et. seq. (HIA), and the Home Solicitation Sales Act, General Statutes § 42-134 et seq. (HSSA)
As part of the investigation, a property on Woodmont Road in West Haven (Property) was used as a so-called "sting house." Individuals and businesses advertising their services were invited by investigators from the DCP to come to the Property and submit proposals for work to be done on the Property.
The defendant, Philip Roklen, was one of those invited to the property. On January 4, 2002, Roklen came to the Property and after taking measurements, Roklen submitted a quote titled "Sales Drder" (Order). The Order, which was signed by Roklen, contained the price for the labor and materials for the installation of window blinds.
On April 10, 2002, an arrest warrant for Roklen was issued alleging three violations: 1) offering to perform home improvements without a certificate of registration in violation of CGS § 20-427 (b) (5); 2) failure to provide notice of cancellation in violation of CGS §42-135a (1) and 3) failure to provide notice of cancellation in violation of CGS § 42-135a (2).
Roklen now moves to dismiss the information pursuant to General Statutes § 54-56 and Practice Book § 41-8. Roklen moves on the ground that he was arrested in violation of the Fourth, Sixth andFourteenth Amendments to the Constitution of the United States, and CT Page 12765 Article One, Sections Seven and Eight of the Constitution of the Sate of Connecticut.
Specifically Defendant argues that:
 1. There is no probable cause to justify the arrest of the Defendant and therefore the court has no jurisdiction of the Defendant or the subject matter;
 2. The affidavit relied on by the judicial authority executing the arrest warrant was insufficient to amount to legal probable cause;
 3. There is insufficient evidence or cause to justify the bringing or continuing the information or placing the Defendant on trial
DISCUSSION
The Defendant argues that § 42-135a simply requires him to provide a notice of cancellation when there is an "agreement." The defendant further argues that a valid agreement must be signed by both parties. Because both parties did not sign the order, the defendant argues, there was no agreement. The defendant therefore contends that the failure to allege a valid agreement deems the warrant affidavit insufficient to amount to legal probable cause.
General Statutes § 42-135a, the Home Solicitation Sales Act, provides that the "agreement" must contain a notice of cancellation attached to the contract in a "minimum" of "ten-point boldface type" indicating that the contract may be canceled within three business days, and that the "buyer at the time he signs the . . . sale contract or otherwise agrees to buy consumer goods or services" must be given a completed form in duplicate.
This court, reviewing the validity of a warrant, "must determine that the affidavit presented a substantial factual basis upon which the [issuing judge] could conclude that probable cause existed." State v.Barton, 219 Conn. 529, 552, 594 A.2d 917 (1991); see also State v.Johnson, 219 Conn. 557, 565 (1991); State v. Marsala, 42 Conn. App. 1,7, 679 A.2d 367 (1996). In making this determination, the reviewing court "is confined to the `four corners' of the warrant." State v. Vincent,229 Conn. 164, 168, 640 A.2d 94 (1994); State v. Marsala, supra,42 Conn. App. 7. The court "may consider only the information that was CT Page 12766 actually before the issuing judge at the time he or she signs the warrant, and the reasonable inferences to be drawn therefrom." (Internal quotation marks omitted.) State v. Ives, 37 Conn. App. 40, 44-45,654 A.2d 789 (1995), quoting State v. Duntz, 223 Conn. 207, 216,613 A.2d 224 (1992); see also State v. Zarick, 227 Conn. 207, 222,630 A.2d 565 (1993). In conducting a review, "We view the information in the affidavit in the light most favorable to upholding the magistrate's determination of probable cause. . . . In a doubtful or marginal case . . . our constitutional preference for a judicial determination of probable cause leads us to afford deference to the [issuing judge's] determination." (Internal quotation marks omitted.) State. Bova,240 Conn. 210, 232, 690 A.2d 1370 quoting State v. Vincent, supra,229 Conn. 171-172.
In applying these legal principles to the arrest warrant affidavit here, this court concludes that the issuing judge, on April 10, 2002, could reasonably have determined that there was probable cause to believe that there existed a "contract" to perform "custom blinds installation" at "a total cost of $1,314.40" and that the defendant "failed to provide . . . the notice of cancellation pursuant to the HSSA." (Arrest Warrant ¶ 4 and 5.)
The court is of the opinion, after conducting its review, that it must defer to the issuing judge's decision to issue the warrant. The defendant argues that the case should be dismissed because the affidavit does not contain an element of the crime. The defendant argues that he signed a written "sales order," which he argues is different than a signed agreement under the HSSA.
The defendant's argument, however, fails. The warrant application clearly alleges a "contract." (Affidavit ¶ 4.) Furthermore, the reading of the statute proposed by the defendant would result in contractors avoiding the provisions of the HSSA by using "sales orders" rather than "agreements." The court will not give the statute such a narrow reading.
The defendant also argues that the "sale and installation of window blinds are not governed by the HIA." The defendant correctly points out that the HIA excludes the sale of appliances." Again the affidavit states that "the contract was to perform custom blind installation" (emphasis added) (affidavit ¶ 4). The defendant argues that aspects of window treatment "do not obviously fall within the parameters of a home improvement" and that the "statutory definition of home improvements doesnot clearly include window treatments." (emphasis added.) CT Page 12767
"The legal idea of probable cause is a bonafide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." Wall v. Toomey, 52 Conn. 35, 36
(1884). Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false. Texas v.Brown, 460 U.S. 730, 742, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983).
The legal conclusions supporting the plaintiff's claim need have only a reasonable basis, even though a plenary review might ultimately yield a different result. Babiarz v. Hartford Special, Inc., 2 Conn. App. 388,394, 480 A.2d 561 (1984).
"In making a finding of probable cause, the trial court must determine whether the evidence offered would warrant a person of reasonable caution to believe that the accused had committed the charged offense. In reKeijam T., 221 Conn. 109, 115, 602 A.2d 967 (1992); State v. Mitchell,200 Conn. 323, 336, 512 A.2d 140 (1986)." (Internal quotation marks omitted.) State v. Marra, 222 Conn. 506, 513, 610 A.2d 1113 (1992). "Evidence is not required to rise to a significant level of trustworthiness in order to meet the probable cause standard." State v.Lewis, 245 Conn. 779, 808, 717 A.2d 1140 (1998). "The quantum of evidence necessary to establish probable cause exceeds mere suspicion, but is substantially less than that required for conviction. Our cases have made clear [t]hat there is often a fine line between mere suspicion and probable cause, and [t]hat line necessarily must be drawn by an act of judgment formed in light of the particular situation and with account taken of all the circumstances. . . ." (Internal quotation marks omitted.) State v. Marra, supra, 222 Conn. 513.
The judicial authority signing the arrest warrant is dealing with probabilities, and an application of the factual and practical considerations of everyday life on which reasonable and prudent persons act. Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302,93 L.Ed. 1879 (1949). This court therefore concludes that the judicial authority issuing the warrant could have reasonably concluded that custom blind installation falls within the HIA.
Although neither party raises it, the court notes that there exists a procedural issue. As explained earlier, the defendant moves under both Practice Book § 41-8 and General Statutes § 54-56. Practice Book § 41-8 provides in part: "The following defenses or objections, if capable of determination without a trial of the general issue, shall, if raised prior trial, be raised by a motion to dismiss the information . . . (5) Insufficiency of evidence or cause to justify the bringing or CT Page 12768 continuing of such information or placing of the defendant on trial. . . ." Practice Book § 41-9, however, expressly limits the application of § 41-8 by providing that "[n]o defendant . . . who has been arrested pursuant to a warrant may make a motion under subdivision (5) or (9) of Section 41-8." State v. Ellis, 32 Conn. App. 849, 851, 632 A.2d 47
(1993); See also, State v. Peeler, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 148396 (April 25, 2000, Ford, J.). Although § 54-56 does not contain a similar limitation, the Appellate Court has held that the statute cannot be used to dismiss an information on the ground of insufficiency if the information was preceded by an arrest warrant where "no trial has yet been held and where Practice Book § 816 [now § 41-8] is invoked." State v. Dills, 19 Conn. App. 495,503, 563 A.2d 733 (1989). Because the defendant was arrested pursuant to a valid warrant issued upon probable cause and no trial has yet been held, the defendant's motion to dismiss on the ground of insufficiency under Practice Book § 41-8 and General Statutes § 54-56 is procedurally improper.
Based on the foregoing analysis, the motion to dismiss is denied.
CREMINS, J. CT Page 12769