******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

STATE OF CONNECTICUT *v.* TIMOTHY A. LEE
(AC 46751)

STATE OF CONNECTICUT *v.* CLIFTON LABREC
(AC 46758)

Moll, Suarez and Prescott, Js.

*Syllabus*

The state appealed in each case from the judgment of the trial court granting the defendant's motion to dismiss the underlying charges brought against him on statute of limitations grounds. The state, which did not challenge the dismissal of the charge of failure to appear brought against each defendant, claimed that the court improperly applied statute of limitations principles in dismissing the underlying timely filed charges brought against each defendant. *Held*:

The trial court improperly granted the defendants' motions to dismiss insofar as it dismissed the underlying charges, as there was no basis on which this court could conclude that the unreasonable delay in the service of certain rearrest warrants for failure to appear should affect the prosecution of the underlying charges, which were timely brought and which did not proceed earlier because the defendants failed to appear in court, a circumstance of the defendants' own making.

Argued September 9—officially released November 19, 2024

*Procedural History*

Information, in the first case, charging the defendant with the crimes of operating a motor vehicle while under the influence of alcohol or drugs, possession of cannabis, failure to drive in the proper lane, and failure to appear in the second degree, brought to the Superior Court in the judicial district of Tolland, geographical area number nineteen, and information in a second case charging the defendant with the crimes of operation of a motor vehicle while under the influence of alcohol or drugs, traveling unreasonably fast, and failure to appear in the second degree, brought to the Superior Court in the judicial district of Tolland, geographical area number nineteen, where, in the first case, the count charging the defendant with possession of cannabis

was dismissed; thereafter, in each case, the court, *Klatt, J.*, granted the defendant's motion to dismiss and rendered judgment thereon; subsequently, in each case, the court, *Klatt, J.*, granted the state's motion for permission to appeal, and the state filed separate appeals to this court. *Reversed in part*; *further proceedings*.

*Laurie N. Feldman*, assistant state's attorney, with whom, on the brief, were *Matthew C. Gedansky*, state's attorney, and *Jonathan M. Shaw* and *Ashely Sgro*, assistant state's attorneys, for the appellant (state).

*Cameron L. Atkinson*, with whom, on the brief, was *Herman Woodard*, for the appellee (defendant in Docket No. AC 46751).

*Nicole Van Lear*, deputy assistant public defender, for the appellee (defendant in Docket No. AC 46758).

*Opinion*

MOLL, J. These two appeals, although not consolidated, involve an identical issue, namely, whether the unreasonable delay in the execution of a rearrest warrant for failure to appear, which led to the dismissal of the failure to appear charge on statute of limitations grounds, also warranted, on statute of limitations grounds, the dismissal of the otherwise timely filed underlying charges. In Docket No. AC 46751, the state appeals from the judgment of the trial court dismissing the charges brought against the defendant Timothy A. Lee. In Docket No. AC 46758, the state appeals from the judgment of the court dismissing the charges brought against the defendant Clifton Labrec. In both appeals, the state asserts that, in connection with dismissing the defendants' respective failure to appear charges on statute of limitations grounds, which the state does not challenge, the court improperly applied statute of limitations principles in dismissing the underlying timely filed charges brought against each defendant.

We agree with the state and, accordingly, reverse the judgments of the trial court insofar as the court dismissed the defendants' respective underlying charges.

I

A

AC 46751

The following undisputed facts and procedural history are relevant to our resolution of the appeal in AC 46751. On February 26, 2017, Lee was arrested on site and charged with operating a motor vehicle while under the influence of alcohol or drugs in violation of General Statutes § 14-227a[1] and failure to drive in the proper lane in violation of General Statutes § 14-236.[2] On April 3, 2017, Lee pleaded not guilty to those charges. On November 20, 2018, Lee failed to appear for a scheduled court date, whereupon a bail commissioner's letter was sent to him ordering his appearance. On December 10, 2018, after Lee again failed to appear in court, Lee's rearrest was ordered for failure to appear in the second degree in violation of General Statutes § 53a-173, with a rearrest warrant being signed by the trial court, *Sicilian, J.,* on December 12, 2018. The rearrest warrant was not served until February 20, 2023.

On April 3, 2023, pursuant to Practice Book § 41-8 (7)[3] and article first, § 8, of the Connecticut constitu-

---

[1] Section 14-227a was amended during a special session of the legislature in June, 2021; see Public Acts, Spec. Sess., June, 2021, No. 21-1, §§ 116 and 117; however, that amendment has no bearing on the merits of the appeal in AC 46751. In the interest of simplicity, we refer to the current revision of the statute.

[2] Lee also was charged with the possession of less than one-half ounce of cannabis in violation of General Statutes (Rev. to 2017) § 21a-279a, but this charge was dismissed as a result of the decriminalization of the offense subsequent to the date of the charge.

[3] Practice Book § 41-8 provides in relevant part: "The following defenses or objections, if capable of determination without a trial of the general issue, shall, if made prior to trial, be raised by a motion to dismiss the information . . . (7) [c]laim that the defendant has been denied a speedy trial . . . ."

tion,[4] Lee moved to dismiss all of the charges pending against him on the basis that, notwithstanding that he had resided at the same address for the past fifteen years, "[t]he police made no reasonable effort to serve the [rearrest] warrant from 2018 to 2023," which "prejudiced" him and "denied [him of] his right to a speedy trial." The state objected on the ground that the motion to dismiss was "premature because [Lee] never filed a motion asserting his right to a speedy trial [pursuant to General Statutes § 54-82m]."[5] Moreover, the state argued that (1) Lee also appeared to be asserting a violation of the statute of limitations vis-à-vis the failure to appear charge, and such assertion lacked merit because (a) the signing of the rearrest warrant tolled the applicable statute of limitations and (b) Lee failed to demonstrate that the warrant was not executed with due diligence, and (2) "[a]ny claim regarding the statute

[4] Article first, § 8, of the Connecticut constitution, as amended by articles seventeen and twenty-nine of the amendments, provides in relevant part: "In all criminal prosecutions, the accused shall have a right . . . to a speedy, public trial by an impartial jury. . . ."

[5] General Statutes § 54-82m provides: "In accordance with the provisions of section 51-14, the judges of the Superior Court shall make such rules as they deem necessary to provide a procedure to assure a speedy trial for any person charged with a criminal offense on or after July 1, 1985. Such rules shall provide that (1) in any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of a criminal offense shall commence within twelve months from the filing date of the information or indictment or from the date of the arrest, whichever is later, except that when such defendant is incarcerated in a correctional institution of this state pending such trial and is not subject to the provisions of section 54-82c, the trial of such defendant shall commence within eight months from the filing date of the information or indictment or from the date of arrest, whichever is later; and (2) if a defendant is not brought to trial within the time limit set forth in subdivision (1) of this section and a trial is not commenced within thirty days of a motion for a speedy trial made by the defendant at any time after such time limit has passed, the information or indictment shall be dismissed. Such rules shall include provisions to identify periods of delay caused by the action of the defendant, or the defendant's inability to stand trial, to be excluded in computing the time limits set forth in subdivision (1) of this section."

of limitations for the [alleged] offenses that occurred on February 26, 2017, [is] without merit because [Lee] was arrested on site, on the date of the incident," thereby necessarily satisfying the statute of limitations that governed the underlying charges.

On July 19, 2023, the court, *Klatt, J.*, held a hearing on Lee's motion to dismiss.[6] After setting forth the factual background of the case, which the parties did not dispute, the court (1) found that Lee was not elusive following the execution of the rearrest warrant and (2) concluded there was an unreasonable delay in the service of the rearrest warrant. The court then noted, and the state confirmed, that the state was abandoning its objection to the dismissal of the failure to appear charge against Lee, but it was maintaining that the unreasonable delay in the execution of the rearrest warrant did not justify also dismissing the underlying charges against Lee.

The court proceeded to grant orally the motion to dismiss as to all of the charges against Lee. In doing so, the court discussed the purposes of statutes of limitations, which included "protect[ing] the individual[s] from having to defend themselves against charges when the basic facts may have become obscured by [the] passage of time and to minimize the danger of an official punishment because of acts in the far distant past. It also may have the salutary effect of encouraging law enforcement officials to promptly investigate suspicious criminal activity." The court concluded that the underlying charges against Lee were "equally [as] stale [as the failure to appear charge against him] because of the state's failure to meet its burden" to serve the

---

[6] The court held a preliminary hearing on June 2, 2023, during which the court encouraged the parties to submit a factual stipulation and to prepare for additional argument on July 19, 2023. The record does not reflect that the parties submitted a stipulation prior to the court's ruling on Lee's motion to dismiss.

rearrest warrant without unreasonable delay. The court further stated: "The case law in this case . . . and the statute [refer] to the prosecution, not to individual charges. [The underlying charges against Lee] are in the same situation as [Lee's] failure to appear [charge], if not worse. They are equally stale, if not more so. Evidence and witnesses' memories are now six years old. There is no case law that I see or found that suggests different [charges] should be treated differently, and both the statute and case law, again, refer to the prosecution, which is all three [charges]. The [rearrest] warrant did not begin a new prosecution. It was . . . only the means of bringing [Lee] to court. It is all one prosecution. . . . On that basis, the court finds that the unreasonable delay extends to all of the [charges], and accordingly, I will grant [Lee's] motion regarding the remaining three [charges] . . . ." Thereafter, the state moved for permission to appeal, which the court granted. The appeal in AC 46751 followed.

B

AC 46758

The following undisputed facts and procedural history are relevant to our resolution of the appeal in AC 46758. On June 16, 2012, Labrec was arrested on site and charged with operating a motor vehicle while under the influence of alcohol or drugs in violation of § 14-227a[7] and traveling unreasonably fast in violation of General Statutes § 14-218a.[8] On July 17, 2012, Labrec first appeared in court. Following Labrec's subsequent

[7] Since the events underlying Labrec's arrest in 2012, the legislature has amended § 14-227a in ways that have no bearing on the merits of the appeal in AC 46758. In the interest of simplicity, we refer to the current revision of the statute.

[8] Since the events underlying Labrec's arrest in 2012, the legislature has amended § 14-218a in ways that have no bearing on the merits of the appeal in AC 46758. In the interest of simplicity, we refer to the current revision of the statute.

failure to appear in court on October 1, 2012, Labrec was sent a bail commissioner's letter to appear on October 15, 2012, on which date he again failed to appear. Accordingly, Labrec's rearrest was ordered on October 15, 2012, for failure to appear in the second degree in violation of § 53a-173, with a rearrest warrant being signed by the court, *Graham, J.*, on October 18, 2012. On September 1, 2022, Labrec was arrested for his failure to appear.

On July 14, 2023, pursuant to Practice Book § 41-8 (3),[9] Labrec filed a motion to dismiss all of the charges pending against him, arguing that the period of time between the issuance of the rearrest warrant in October, 2012, and the execution of the warrant in September, 2022, constituted "a lengthy and unreasonable delay in service" and that, during such time period, "[h]e was neither elusive nor unavailable." The state opposed the motion to dismiss, arguing that Labrec (1) "elud[ed] the authorities and was difficult to apprehend" with respect to the rearrest warrant and (2) failed to demonstrate prejudice caused by the alleged delay in the execution of the rearrest warrant.

On July 26, 2023, one week following the hearing held on Lee's motion to dismiss, the court, *Klatt, J.*, conducted a hearing on Labrec's motion to dismiss. During the hearing, the court heard testimony regarding the availability of Labrec and whether it was unreasonable for the state to have served the rearrest warrant ten years after Labrec's failure to appear. On the basis

---

[9] Practice Book § 41-8 provides in relevant part: "The following defenses or objections, if capable of determination without a trial of the general issue, shall, if made prior to trial, be raised by a motion to dismiss the information . . . (3) [s]tatute of limitations . . . ."

In support of his motion to dismiss, Labrec also cited unspecified federal and state constitutional rights, the statute of limitations set forth in General Statutes § 54-193 (d), and our Supreme Court's decision in *State* v. *Swebilius*, 325 Conn. 793, 159 A.3d 1099 (2017).

of the evidence adduced, the court (1) found that Labrec was not unavailable or elusive during that time frame and (2) concluded that the ten year delay by the state in serving the rearrest warrant was unreasonable. The court then considered whether to grant Labrec's motion to dismiss in toto or as to Labrec's failure to appear charge only, with the state arguing that the "failure to appear [charge] should be the only charge that would be eligible for a dismissal under the circumstances." The court proceeded to grant orally the motion to dismiss as to all of the charges against Labrec. Insofar as the court dismissed Labrec's underlying charges, the court relied on its reasoning from its decision granting Lee's motion to dismiss. Specifically, the court stated: "I had a full argument regarding that issue last week with another member of the state's attorney's office . . . . And the court's reasoning then, and it's the same now—to begin with, the statute and case law [refer] to one prosecution, not several, not separate offenses, but one prosecution. And they also refer to the purpose of the statute of limitations. Why we have that is [to] prevent stale prosecutions. The original offense[s] [are] now equally even more stale, and [they have] been made more so by . . . the state's failure [in] creating this unreasonable delay in the execution of the [rearrest] warrant. . . . If [the state] had served the failure to appear [warrant] in [a] timely fashion or made some effort [to serve the rearrest warrant], then [Labrec] could've answered to the charges in a timely fashion. He's been unable to do so, and it's been—and that's at the hands of the state. So, I will grant the motion as to all counts." Thereafter, the state moved for permission to appeal, which the court granted. The appeal in AC 46758 followed. Additional facts and procedural history will be provided as necessary.

## II

Before addressing the merits of the state's claims in these appeals, we set forth the applicable standard of

review and legal principles. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo. . . . Factual findings underlying the court's decision, however, will not be disturbed unless they are clearly erroneous. . . . The applicable standard of review for the denial of a motion to dismiss, therefore, generally turns on whether the appellant seeks to challenge the legal conclusions of the trial court or its factual determinations." (Internal quotation marks omitted.) *State* v. *Smith*, 178 Conn. App. 715, 721, 177 A.3d 593 (2017), cert. denied, 328 Conn. 906, 177 A.3d 564 (2018). The question of whether a prosecution for a particular charge is barred by the statute of limitations is primarily a question of law, which this court reviews de novo. See *State* v. *Freeman*, 344 Conn. 503, 512, 281 A.3d 397 (2022).

The parties agree that the underlying charges brought against each defendant, respectively, are governed by the one year statute of limitations set forth in General Statutes § 54-193 (d)[10] which provides that "[n]o person

[10] General Statutes § 54-193 provides: "(a) There shall be no limitation of time within which a person may be prosecuted for (1) (A) a capital felony under the provisions of section 53a-54b in effect prior to April 25, 2012, a class A felony or a violation of section 53a-54d or 53a-169, or (B) any other offense involving sexual abuse, sexual exploitation or sexual assault if the victim of the offense was a minor at the time of the offense, including, but not limited to, a violation of subdivision (2) of subsection (a) of section 53-21, (2) a violation of section 53a-165aa or 53a-166 in which such person renders criminal assistance to another person who has committed an offense set forth in subdivision (1) of this subsection, (3) a violation of section 53a-156 committed during a proceeding that results in the conviction of another person subsequently determined to be actually innocent of the offense or offenses of which such other person was convicted, or (4) a motor vehicle violation or offense that resulted in the death of another person and involved a violation of subsection (a) of section 14-224.

"(b) (1) Except as provided in subsection (a) of this section or subdivision (2) of this subsection, no person may be prosecuted for a violation of a (A)

may be prosecuted for any offense, other than an offense set forth in subsection (a), (b) or (c) of this section, except within one year next after the offense has been committed." "[T]he purpose of a statute of limitations is to [assure] a timely commencement of prosecution . . . ." *State* v. *Crawford*, 202 Conn. 443, 447–48, 521 A.2d 1034 (1987). It is well settled that "a warrantless arrest constitutes the commencement of a criminal prosecution against an arrestee for statute of limitation[s] purposes. . . . Accordingly, [a] defendant's warrantless arrest on the same day as the

---

class B felony violation of section 53a-70, 53a-70a or 53a-70b, (B) class C felony violation of section 53a-71 or 53a-72b, or (C) class D felony violation of section 53a-72a, except within twenty years next after the offense has been committed.

"(2) Except as provided in subsection (a) of this section, no person may be prosecuted for any offense involving sexual abuse, sexual exploitation or sexual assault of a victim if the victim was eighteen, nineteen or twenty years of age at the time of the offense, except not later than thirty years next after such victim attains the age of twenty-one years.

"(3) No person may be prosecuted for a class A misdemeanor violation of section 53a-73a if the victim at the time of the offense was twenty-one years of age or older, except within ten years next after the offense has been committed.

"(c) No person may be prosecuted for any offense, other than an offense set forth in subsection (a) or (b) of this section, for which the punishment is or may be imprisonment in excess of one year, except within five years next after the offense has been committed.

"(d) No person may be prosecuted for any offense, other than an offense set forth in subsection (a), (b) or (c) of this section, except within one year next after the offense has been committed.

"(e) If the person against whom an indictment, information or complaint for any of said offenses is brought has fled from and resided out of this state during the period so limited, it may be brought against such person at any time within such period, during which such person resides in this state, after the commission of the offense.

"(f) When any suit, indictment, information or complaint for any crime may be brought within any other time than is limited by this section, it shall be brought within such time."

We note that, although the legislature has amended § 54-193 since the date of the incident underlying each appeal; see, e.g., Public Acts 2019, No. 19-16, § 17; those amendments have no bearing on the merits of these appeals. Hereinafter, unless otherwise indicated, all references to § 54-193 in this opinion are to the current revision of the statute.

offenses are alleged to have been committed by him [is] a timely prosecution of the defendant within the [applicable] statute of limitations." (Citation omitted; internal quotation marks omitted.) *State* v. *Nelson*, 144 Conn. App. 678, 686, 73 A.3d 811, cert. denied, 310 Conn. 935, 79 A.3d 888 (2013).

"[T]he primary purpose of statutes of limitations is to encourage law enforcement officials promptly to investigate suspected criminal activity . . . *so as to ensure that a defendant receives notice,* within a prescribed time, of the acts with which he is charged . . . ." (Citation omitted; emphasis added; internal quotation marks omitted.) *State* v. *A. B.*, 341 Conn. 47, 68–69, 266 A.3d 849 (2021); *State* v. *Almeda*, 211 Conn. 441, 446, 560 A.2d 389 (1989) ("[a]t the core of the limitations doctrine is notice to the defendant"). Statutes of limitations exist for "[t]he purpose of . . . limit[ing] exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity." (Internal quotation marks omitted.) *State* v. *A. B.*, supra, 56.

Pursuant to Practice Book § 41-8 (3), a criminal defendant may assert a statute of limitations defense by way of a motion to dismiss. When asserting this defense in the context of the state's failure to serve an arrest warrant within the limitation period, the defendant has the burden of "present[ing] evidence of his availability for arrest during the limitation period, [whereupon] the burden shifts to the state to present evidence of its due

diligence in executing the warrant." *State* v. *Swebilius*, 325 Conn. 793, 803, 159 A.3d 1099 (2017). There is no per se rule regarding what is reasonable but, rather, this "determination must be made on a case-by-case basis in light of the particular facts and circumstances presented." Id., 809–10.

With these legal principles in mind, we turn to the merits of the state's claims on appeal. At the outset, we iterate that the state does not challenge the respective dismissals of the failure to appear charges brought against the defendants. Instead, the state argues that the court improperly dismissed the underlying charges in connection with its dismissal of the failure to appear charges on statute of limitations grounds. In connection with this claim, the state asserts that (1) the statute of limitations was satisfied for the underlying charges, as both defendants were arrested on site, and (2) the court incorrectly applied the principles underlying statutes of limitations to conclude that the unreasonable delay in the execution of the rearrest warrants in both cases justified the dismissal of the underlying charges. In response, the defendants argue that the court properly applied statute of limitations principles in dismissing the underlying charges. We agree with the state.

Lee was arrested on site on February 26, 2017, for driving under the influence and for failure to drive in the proper lane, putting him on notice of the underlying charges against him on the same date of these alleged offenses. Similarly, Labrec was put on notice of the underlying charges against him on June 16, 2012, when he was arrested on site for driving under the influence and for driving unreasonably fast. These two "warrantless arrest[s] constitute[d] the commencement of . . . criminal prosecution[s] against [the defendants] for statute of limitation[s] purposes"; *State* v. *Nelson*,

supra, 144 Conn. App. 686; and, therefore, the underlying charges were timely brought within the one year limitation period.

As an initial matter, we observe that the "burden shifting framework" for a statute of limitations defense in the context of the state's failure to serve an arrest warrant within the limitation period; *State* v. *Swebilius,* supra, 325 Conn. 804; as imported by the trial court, simply does not apply to the underlying charges, as such defense applies only if there is a "delay between the issuance and the service of an arrest warrant"; id., 809; for a particular charge, which did not occur in connection with the defendants' underlying charges.

The state argues, and we agree, that the court improperly applied statute of limitations principles, including concerns regarding staleness and loss of evidence, to justify the dismissal of the timely filed underlying charges. It is well settled that statutes of limitations are intended to mitigate *prearrest* delay. See *State* v. *Daren Y.,* 350 Conn. 393, 410,      A.3d      (2024) (citing *United States* v. *Marion,* 404 U.S. 307, 322, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971), for proposition that "statute of limitations provide[s] . . . [mechanism] to guard against . . . prejudice resulting from the passage of time between crime and arrest or charge" (internal quotation marks omitted)). Although issues of staleness and the risk of loss of evidence caused by the state's unreasonable delay in executing an arrest warrant are important concerns underlying statutes of limitations in general, such concerns do not apply when the statute of limitations has been satisfied with respect to initial charges and a defendant subsequently fails to appear. In that case, it is the defendant's conduct, and not the state's conduct, that is the principal cause of any negative impact from the delay in prosecution.

The state also argues, and we again agree, that the court incorrectly reasoned, for statute of limitations

purposes, the defendant's cases each involved a single prosecution such that the underlying charges could not be separated from the failure to appear charges. The language of § 54-193 (d), however, concerns the respective timing of the prosecution of individual offenses: "No person may be prosecuted for any offense . . . except within one year next after the offense has been committed." The statute does not make any reference to the prosecution of multiple charges against the defendant as being a single unit. This conclusion is further bolstered by this court's history of affirming the dismissal of certain charges within a prosecution due to the expiration of the limitation period, while allowing the prosecution to continue with respect to other charges that were brought in a timely manner. See, e.g., *State* v. *Greer*, 213 Conn. App. 757, 774–75, 279 A.3d 268, cert. denied, 345 Conn. 916, 284 A.3d 299 (2022), cert. denied,      U.S.     , 143 S. Ct. 1061, 215 L. Ed. 2d 282 (2023); *State* v. *Menzies*, 26 Conn. App. 674, 678–82, 603 A.2d 419, cert. denied, 221 Conn. 924, 608 A.2d 690 (1992).

The defendants rely on multiple cases that discuss the "burden shifting framework" and stand for the proposition that arrest warrants must be executed with due diligence, with the state's failure to do so warranting dismissal of the charges. It is true that the circumstances surrounding the rearrest warrants that were issued for the failure to appear charges would fall into the line of cases cited by the defendants. See, e.g., *State* v. *Swebilius*, supra, 325 Conn. 802 (holding that arrest warrant must be executed without unreasonable delay); *State* v. *Crawford*, supra, 202 Conn. 450–51 ("an arrest warrant, when issued within the time limitations of [the applicable statute of limitations], must be executed without unreasonable delay"). The problem with the defendants' assertion as it pertains to the present cases, however, is that the underlying charges did not result

from warrants that were executed with a lack of due diligence. Cf. *State* v. *Soldi*, 92 Conn. App. 849, 851, 860, 887 A.2d 436 (holding that trial court improperly denied motion to dismiss because "warrant was not executed with due diligence in that it was not served on her until more than five years after it had been issued"), cert. denied, 277 Conn. 913, 895 A.2d 792 (2006). Stated simply, the fact that the statute of limitations was not satisfied with respect to the defendants' failure to appear charges does not affect, let alone undo, the state's compliance with the statute of limitations for the underlying charges.

In short, there is no basis on which this court can conclude that the unreasonable delay in the service of the rearrest warrants for failure to appear should affect the prosecution of the underlying charges, which were timely brought and which did not proceed earlier because the *defendants* failed to appear in court. In other words, this is a circumstance of the defendants' own making. Indeed, reaching a contrary conclusion would yield an absurd result and would incentivize defendants to avoid appearing in court.[11] Accordingly, we conclude that the court improperly granted the defendants' respective motions to dismiss insofar as the court dismissed the underlying charges.

### III

We briefly turn our attention to the alternative grounds for affirmance raised by Lee and/or Labrec. First, both defendants argue that the judgments of dismissal in their respective cases can be affirmed on the alternative ground that there was insufficient cause for

---

[11] Although a defendant risks incurring additional criminal liability by failing to appear in court, a defendant may believe that the risk of additional criminal liability is justified depending on the severity of the underlying charges and the possibility that the state will not serve the rearrest warrant on a timely basis.

the continuation of their respective prosecutions pursuant to General Statutes § 54-56.[12] See *State* v. *Corchado*, 200 Conn. 453, 460, 512 A.2d 183 (1986) (§ 54-56 acts as safeguard against prosecutorial overreach by giving statutory authority to trial courts to dismiss charges "where the circumstances are compelling"). Second, Lee argues that the judgment of dismissal rendered in his favor can be affirmed on the alternative grounds that (1) the court's dismissal of the charges against him constituted a proper exercise of its inherent authority to manage its docket and (2) the state's unreasonable delay in executing the rearrest warrant on him violated his right to a speedy trial pursuant to article first, § 8, of the state constitution. The state contends that these alternative grounds for affirmance are unpreserved and, in addition, lack an adequate record for review. For the reasons that follow, we decline to review these alternative grounds for affirmance.

"[O]nly in [the] most exceptional circumstances can and will this court consider a claim, constitutional or otherwise, that has not been raised and decided in the trial court. . . . This rule applies equally to alternat[ive] grounds for affirmance." (Internal quotation marks omitted.) *State* v. *Juan J.*, 344 Conn. 1, 12–13, 276 A.3d 935 (2022); see also Practice Book § 60-5 ("[t]he court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial").

The defendants' claims based on the "insufficient cause" prong of § 54-56, as well as Lee's claim based

---

[12] General Statutes § 54-56 provides: "All courts having jurisdiction of criminal cases shall at all times have jurisdiction and control over informations and criminal cases pending therein and may, at any time, upon motion by the defendant, dismiss any information and order such defendant discharged if, in the opinion of the court, there is not sufficient evidence or cause to justify the bringing or continuing of such information or the placing of the person accused therein on trial."

on the trial court's inherent authority to control its docket, were not distinctly raised before the trial court. Thus, these unpreserved claims are not properly before us. Moreover, even if preserved, we would decline to review them due to the lack of an adequate record. In neither case did the court make factual findings regarding the factors required for a § 54-56 analysis. See *State v. Dills*, 19 Conn. App. 495, 503–504, 563 A.2d 733 (1989) ("Dismissal under § 54-56 for insufficient cause to justify the prosecution requires the court explicitly to weigh all the competing factors and considerations of fundamental fairness to both sides—the defendant, the state and society, and presumably the victim. This must be done with great caution, and a dismissal ordered only when the circumstances are compelling. . . . This difficult and delicate process necessarily involves a careful consideration by the court of such factors as the strength of the state's case, the likelihood of conviction, the severity of the crime, its effect on the victim, the strength of the defendant's defense, the defendant's personal situation, and all the other myriad factors that underlie a judgment regarding fundamental fairness." (Citation omitted.)). Likewise, in Lee's case, even assuming arguendo that the court had the inherent authority in this context, the court made no factual findings concerning any exercise of such authority.

With respect to Lee's state constitutional claim that his right to a speedy trial was violated, we note that Lee, only in a cursory fashion, referenced this constitutional right in his motion to dismiss. We need not resolve whether Lee adequately preserved this constitutional claim because, whether preserved or unpreserved, the record is inadequate for us to address the merits of this claim.[13] The court made no mention of Lee's right to a

---

[13] Pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015), a party can prevail on an unpreserved constitutional claim on appeal only if four conditions are met, the first of which requires the record to be adequate to review the alleged claim of error.

speedy trial in granting his motion to dismiss and did not make any of the requisite factual findings inherent in an analysis of whether his right to a speedy trial had been violated in this particular case. See *State* v. *Griffin,* 220 Conn. App. 225, 234, 297 A.3d 1056 (2023) ("[r]esolution of the defendant's claim [that the trial court violated his constitutional right to a speedy trial] requires us to apply the balancing test set forth in *Barker* v. *Wingo,* 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), which involves a consideration of the following four factors to determine whether a defendant's constitutional right to a speedy trial has been violated: the length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant"). Without a sufficient factual record, we deem this claim to be unreviewable.

In sum, we conclude that the court improperly dismissed the underlying charges. Accordingly, the respective judgments of dismissal in AC 46751 and AC 46758 must be reversed insofar as the underlying charges were dismissed and we remand the cases with direction to restore the underlying charges and for further proceedings on those charges according to law.

The judgments are reversed with respect to the dismissal of the charges against Timothy A. Lee and Clifton Labrec other than the charge of failure to appear as to both defendants and the charge of possession of cannabis as to Labrec, and the cases are remanded for further proceedings consistent with this opinion; the judgments are affirmed in all other respects.

In this opinion the other judges concurred.